[No. G019461. Fourth Dist., Div. Three. Nov. 30, 1998.]

PATRICIA HOLLAWAY, as Cotrustee, etc., Plaintiff and Respondent, v. LINDA EDWARDS, as Cotrustee, etc., Defendant and Appellant.

**COUNSEL**

George J. B. Cote for Defendant and Appellant.

Douglas E. Godbe for Plaintiff and Respondent.

**OPINION**

**CROSBY, J.**—Patricia Hollaway successfully defended probate petitions by her cotrustee, Linda Edwards, to remove her as trustee of the Dick Denio Revocable Inter Vivos Trust. More than 60 days later—that is, beyond the time in which ordinary civil litigants must move for attorney fees—Hollaway petitioned the probate court for, among other things, reimbursement of the attorney fees she incurred in her removal defense. The court allowed the petition and ordered the fees be reimbursed by the trust. Edwards nevertheless appeals, arguing Hollaway is entitled to no reimbursement because her petition was untimely. We affirm.

I

The facts are relatively simple and, for the most part, undisputed. In addition to being sisters, Linda Edwards and Patricia Hollaway are cotrustees and beneficiaries of the trust which became irrevocable upon the settlor's December 24, 1993, demise.

Discord between the sisters quickly reared its head. On April 8, 1994, Edwards petitioned under several Probate Code provisions for Hollaway's removal as cotrustee, alleging she breached her fiduciary duties in sundry respects not relevant here. Shortly thereafter, Hollaway filed a response (tantamount to an answer) to this petition, in which she prayed, among other things, to be awarded "appropriate costs and attorney fees." Edwards subsequently filed an amended removal petition, adding allegations that Hollaway, in essence, wrongfully obtained and withheld property belonging to the trust. And Hollaway's amended response again prayed for attorney fees.

Hollaway moved for summary judgment on April 20, 1995, asserting essentially that there had been no breach of trust justifying her removal as trustee and the court was without jurisdiction to determine ownership of the properties allegedly wrongfully withheld from the trust. Neither Hollaway's notice of motion nor the supporting memoranda mentioned attorney fees. Edwards's opposition to this motion was in vain. By order dated July 18, 1995, the court granted the motion in its entirety; and in so doing the court uttered nary a word concerning costs or attorney fees.

Hollaway sought reimbursement of her attorney fees directly from the trust. But because the trust instrument requires trustee unanimity, and cotrustee Edwards opposed reimbursement, Hollaway came away empty-handed. Accordingly, she next sought court intervention. On November 14, 1995, nearly four months after service of the summary judgment order, Hollaway petitioned the court under Probate Code sections 15684 and 17200, subdivision (b)(9) for reimbursement from the trust of attorney and trustee fees incurred in connection with the attempted removal litigation.[1] Surprising no one, Edwards opposed this petition, arguing that, among other things, the summary judgment order was silent concerning costs and fees (hence none could be collected) and, in any event, Hollaway's fee petition was brought more than 60 days after service of the summary judgment order and was therefore untimely under California Rules of Court, rule 870.2.

The court rejected Edwards's arguments: "I just don't see where 870.2 applies in our situation. This is under the probate court—in the equitable jurisdiction of the probate court. [¶] Petitions for various relief can be accomplished at any time. . . . This [i.e., rule 870.2] is discussing civil cases. . . . Well, that's not here . . . ." The court allowed the petition,

---

[1]The one factual matter which the parties dispute is whether Hollaway's fee petition relied solely on Probate Code sections 15684 and 17200, subdivision (b)(9) or whether, in addition to those provisions, it invoked several other provisions of the Probate Code. It is true that Hollaway's petition relied solely on sections 15684 and 17200, but her supporting papers clearly set forth several additional Probate Code provisions to buttress her position, including Probate Code sections 16243 and 16247.

awarding $51,240 in attorney fees, $5,000 in trustee fees and $1,114.40 in costs. The court summarized, "I'm relying on the Probate Code in regard to trustee's actions, trustee's permissible hiring of individual advisors and attorneys to defend an action. The trustee had the absolute duty to defend her position as trustee of the trust." Lest anyone depart at all confused, the court reiterated that the "rule [i.e., rule 870.2] requiring a motion for fees and costs to be brought within the time for appeal doesn't apply in actions within this court." Edwards appeals.

## II

As Hollaway notes, the Probate Code is studded with provisions authorizing the trustee to hire and pay (or seek reimbursement for having paid) attorneys to assist in trust administration. For example, section 16247 empowers the trustee "to hire persons, including . . . attorneys . . . or other agents . . . to advise or assist the trustee in the performance of administrative duties." Section 16243 provides, "The trustee has the power to pay . . . reasonable compensation of the trustee and of employees and agents of the trust, and other expenses incurred in the . . . administration . . . and protection of the trust." And section 15684, subdivision (a) provides in part, "A trustee is entitled to the repayment out of the trust property for . . . [¶] [e]xpenditures that were properly incurred in the administration of the trust." Finally, section 17200, subdivision (b)(9) authorizes a trustee to petition the court concerning the "internal affairs" of the trust, including "[f]ixing or allowing payment of the trustee's compensation or reviewing the reasonableness of the trustee's compensation." The Probate Code, however, prescribes no time limit within which any petition for attorney or trustee fees must be initiated.

Edwards contends any request for attorney fees must be filed in the probate court within the 60-day period set forth in the California Rules of Court, rule 870.2.[2] That is, she notes Probate Code section 1000 declares in relevant part, "Except to the extent that this code provides applicable rules, the rules of practice applicable to civil actions, including discovery proceedings, apply to, and constitute the rules of practice in, proceedings under this code." Because no Probate Code provision delineates a time within which to

---

[2]California Rules of Court, rule 870.2 states, "(a) Except as otherwise provided by statute, this rule applies in civil cases to claims for statutory attorney fees and claims for attorney fees provided for in a contract. . . . [¶] (b) A notice of motion to claim attorney fees for services up to and including the rendition of judgment in the trial court shall be served and filed within the time for filing a notice of appeal under rules 2 and 3. [¶] The *parties* may, by stipulation . . . extend the time for filing a motion for attorney fees. . . . [¶] . . . [¶] (d) If a *party* is entitled to statutory or contractual attorney fees that are fixed without the necessity of a court determination, the fees shall be claimed in the memorandum of costs." (Italics added.)

file a petition for attorney fees, Edwards reasons, the rules concerning attorney fee motions in ordinary civil actions therefore must apply pursuant to Probate Code section 1000.[3] However, Edwards cites no case supporting this contention.

Hollaway argues to the contrary that California Rules of Court, rule 870.2 is inapplicable. She notes rule 870.2 applies only to claims for attorney fees based on contract or statute. No contractual fee-shifting provision is at issue here. And Hollaway claims (but provides no supporting authority) that the rule's reference to "statutory attorney fees" is inapplicable here, reasoning the provision applies only to prevailing-party fee-shifting statutes and not to the various provisions of the Probate Code authorizing payment or reimbursement of the trustee's attorney fees from the trust.

We agree California Rules of Court, rule 870.2 is inapplicable, but for reasons perhaps simpler than those proffered by Hollaway. Providing for the recovery of attorney fees "up to and including the rendition of judgment," rule 870.2 presumes the attorney fees to which it applies were generated in litigation culminating in a *judgment*. (Cal. Rules of Court, rule 870.2(b).) However, many (and perhaps most) fee petitions in the probate court stem from services not related to litigation, and which therefore involve no judgment.

In addition, those attorney fees deriving from probate court litigation are subject to concerns sufficiently unique, we believe, to distinguish them from fees generated in ordinary civil litigation. For example, as noted above in the

---

[3]She also claims Hollaway's fee petition is barred by res judicata. That is, in her responses to Edwards's removal and amended removal petitions, Hollaway prayed for an award of costs and attorney fees against Edwards. However, Hollaway made no fee or cost request in connection with her motion for summary judgment. And by failing to award fees or costs in the summary judgment order, Edwards reasons, the court tacitly rejected the cost and fee request in Hollaway's earlier petition responses, and that tacit rejection now constitutes a res judicata bar to Hollaway's fees petition.

For a number of reasons, this argument is feckless. (As a threshold matter, it would appear the concept we should be addressing is law of the case rather than res judicata. But that probably is a distinction without much difference here because both doctrines fail for essentially the same reasons.) For instance, an essential element of res judicata is privity, which exists only where the parties have essentially identical interests. (*Citizens for Open Access, etc. Tide, Inc.* v. *Seadrift Association* (1998) 60 Cal.App.4th 1053, 1070 [71 Cal.Rptr.2d 77].) Hollaway initially sought fees and costs directly from Edwards, whereas her later fee petition sought them from the trust. Edwards's interest concerning fees differs from those of the trust; for obvious reasons, each was interested in having the fees paid by the other. Similarly, claim or issue preclusion applies only where the claim or issue sought to be precluded was *necessarily decided in the previous judgment*. (*In re Executive Life Ins. Co.* (1995) 32 Cal.App.4th 344, 373 [38 Cal.Rptr.2d 453].) The probate court simply did not decide any attorney fees issue or claim in connection with the summary judgment motion in the first proceeding, as best we can tell. And no such finding was necessary to its summary judgment order.

margin, California Rules of Court, rule 870.2 apparently governs only motions for attorney fees filed by *parties* to litigation. No such limitation applies to probate petitions for attorney fees. As the Supreme Court noted in *Estate of Trynin* (1989) 49 Cal.3d 868, 873 [264 Cal.Rptr. 93, 782 P.2d 232], "An attorney who has rendered services to an estate's representative may obtain compensation by petitioning the superior court sitting in probate for an order requiring the representative to make payment to the attorney out of the estate." In addition, an attorney who performs services in connection with a trust may well wish (say, for client relations purposes) to recover attorney fees first by way of request for voluntary payment by the trust before pursuing court intervention, which is precisely what occurred here. Superimposing rule 870.2's time limitations likely would complicate, and possibly frustrate, such salutary nonlitigious efforts.

Moreover, the probate court enjoys broad equitable powers over the trusts within its jurisdiction. (*Estate of Ivy* (1994) 22 Cal.App.4th 873, 883-885 [28 Cal.Rptr.2d 16] [court exercises equitable powers pursuant to trust supervision to exempt prevailing beneficiaries from provisions of Code of Civil Procedure which would undermine their recovery of attorney fees].) This discretion derives not simply from judicial gloss, but from the Probate Code itself. For example, although Code of Civil Procedure section 1032, subdivision (b) entitles a prevailing party in ordinary civil litigation to costs as a matter of right, the probate court retains discretion to decide not only *whether* costs should be paid, but also, if they are awarded, who will pay and who recover them. (Prob. Code, § 1002.) We are loath to circumscribe the probate court's discretion by importing California Rules of Court, rule 870.2's strict time limits.[4]

Edwards also argues at least part of Hollaway's attorney fees—in particular, those relating to her defense against charges that she wrongfully obtained or withheld property from the trust—are not recoverable because they allegedly benefit Hollaway only and not the trust. We disagree. These charges were part of Edwards's removal petition and alleged wrongdoing by Hollaway pertaining to the trust. While defense against those allegations may have benefited Hollaway personally by eliminating the possibility of individual liability, they also benefited the trust by eliminating charges raising serious questions about whether she had and could continue to administer the trust properly. (Cf. *Estate of Beach* (1975) 15 Cal.3d 623, 644 [125 Cal.Rptr. 570, 542 P.2d 994] [expenditures which benefit an executor

---

[4]This is not to say, of course, that prejudicial delay in the collection of attorney fees is defensible or sanctioned. But there has been no suggestion of prejudice here.

personally may nevertheless benefit the estate by eliminating doubts concerning the executor's administration of the estate].) The court was well within its discretion in awarding attorney fees.[5]

The judgment is affirmed. Respondent shall have her costs on appeal.

Wallin, Acting P. J., and Bedsworth, J., concurred.

---

[5]Edwards misplaces reliance upon *Estate of McCormack* (1969) 2 Cal.App.3d 492 [82 Cal.Rptr. 651] and related cases which hold that a prevailing party cannot recover costs not provided for *in the judgment simply by filing a memorandum of costs following judgment.* The simple answer is that Hollaway filed no memorandum of costs and therefore those cases are inapposite.