[No. B144004. Second Dist., Div. Five. Sept. 20, 2001.]

JOHN SANABRIA, Plaintiff and Appellant, v.
GLORIA J. EMBREY et al., Defendants and Respondents.

## COUNSEL

Michael B. Montgomery for Plaintiff and Appellant.

Aspell & Lopez and Patrick H. Aspell for Defendants and Respondents.

## OPINION

**GRIGNON, J.**—Plaintiff and appellant John Sanabria appeals from the order awarding costs and attorney fees in favor of defendants and respondents Robert and Gloria Embrey. Sanabria contends the Embreys failed to timely file their memorandum of costs and motion for attorney fees following the voluntary dismissal of his complaint. We agree and reverse.

### FACTS AND PROCEDURAL BACKGROUND

On July 17, 1997, Sanabria filed his complaint against the Embreys. Charles Scherer intervened in the action. Sanabria cross-complained against Scherer.

On November 19, 1999, Sanabria filed with the clerk a request for voluntary dismissal without prejudice of his complaint against the Embreys. Dismissal was entered by the clerk the same day. Sanabria served and filed a notice of entry of dismissal on December 1, 1999. At the time of Sanabria's voluntary dismissal of his complaint against the Embreys, Scherer's complaint in intervention and Sanabria's cross-complaint against Scherer were still pending, but the Embreys were no longer parties to the action. The complaint in intervention and the cross-complaint were subsequently resolved, and a judgment was entered in favor of Scherer on March 16, 2000. Notice of entry of judgment was served on May 3, 2000.

On May 19, 2000, the Embreys filed their memorandum of costs, and on May 25, 2000, they filed their motion for attorney fees. Sanabria opposed an award of both costs and attorney fees on the basis that the memorandum of costs and motion for attorney fees had been untimely filed. The trial court disagreed and awarded the Embreys costs and attorney fees.[1] Sanabria appeals.

---

[1]The Embreys were awarded their attorney fees pursuant to a contractual attorney fee provision, but they were awarded fees for their defense of tort causes of action only. The award was therefore not pursuant to Civil Code section 1717, which precludes an award of contractual attorney fees following a voluntary dismissal. (Civ. Code, § 1717, subd. (b)(2).)

## DISCUSSION

Sanabria contends the Embreys' memorandum of costs and motion for attorney fees were untimely with respect to the voluntary dismissal of the complaint against them. The Embreys counter that the voluntary dismissal was ineffective, and the time periods for seeking costs and attorney fees did not commence until the entry of the Scherer judgment.

### Dismissal

■ The Embreys argue Sanabria's voluntary dismissal of the complaint was ineffective, because Scherer's complaint in intervention and Sanabria's cross-complaint against Scherer were still pending. This argument is incorrect.

Code of Civil Procedure section 581 sets forth the situations in which a plaintiff may voluntarily dismiss the complaint or the entire action. A plaintiff may not unilaterally dismiss *the entire action* if a cross-complaint or complaint in intervention is pending. (Code Civ. Proc., § 581, subd. (i); Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2001) ¶¶ 11:7, 11:9, pp. 11-3 to 11-5.) However, a plaintiff may unilaterally dismiss *the complaint* before trial regardless of the pendency of such other pleadings. (Code Civ. Proc., § 581, subd. (c); Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 11:7, p. 11-3.) Entry of dismissal is entered in the clerk's register and is effective when entered. (Code Civ. Proc., § 581d.) Entry of dismissal terminates the action against the dismissed defendants. (6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 272, p. 692.) The action then proceeds as to other parties. (Code Civ. Proc., § 579.)

In this case, Sanabria voluntarily dismissed only his complaint against the Embreys. This was proper, regardless of the pending complaints between Sanabria and Scherer. The dismissal was effective as to the Embreys immediately, thus terminating the action as to them.

### Costs

■ Sanabria contends the Embreys' memorandum of costs was untimely because it was not filed within 15 days after service of notice of entry of dismissal. This contention is meritorious.

A request for entry of voluntary dismissal under Code of Civil Procedure section 581 is made by submitting Judicial Council Forms, form 982(a)(5) to

the clerk. The clerk enters the dismissal in the clerk's register. (Code Civ. Proc., § 581d.) The party requesting dismissal is required to serve and file notice of entry of dismissal. (Cal. Rules of Court, rule 383; see Judicial Council Forms, form 982(a)(5.1).) If notice of entry of dismissal is served, a dismissed defendant claiming costs must serve and file a memorandum of costs within 15 days after "the date of service of written notice of entry of . . . dismissal." (Cal. Rules of Court, rule 870(a).)[2] "The time provisions relating to the filing of a memorandum of costs, while not jurisdictional, are mandatory." (*Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929 [272 Cal.Rptr. 899].)

Here, Sanabria voluntarily dismissed his complaint against the Embreys. The clerk entered the dismissal in the clerk's register, terminating the action as to the Embreys. Written notice of entry of dismissal was served by Sanabria on December 1, 1999. The Embreys' memorandum of costs, filed May 19, 2000, was untimely. The trial court therefore erred in awarding the Embreys costs.

*Attorney Fees*

■ Sanabria contends the Embreys' motion for attorney fees was untimely because it was not filed within 60 days after notice of entry of dismissal. This contention is also meritorious.

"A notice of motion to claim attorney fees for services up to and including the rendition of judgment in the trial court . . . shall be served and filed within the time for filing a notice of appeal under rules 2 and 3." (Cal. Rules of Court, rule 870.2(b).) "[A] notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment." (Cal. Rules of Court, rule 2(a).) When a party appeals from an appealable order rather than a judgment, the term "judgment" is read to include "appealable order." (Cal. Rules of Court, rule 2(d).)

A voluntary dismissal is not generally appealable. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2000) ¶

---

[2]Apparently, the memorandum of costs must be filed together with a proposed judgment of dismissal. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 11:38, p. 11-21; form 11:B, p. 11-95; 6 Witkin, Cal. Procedure, *supra*, Proceedings Without Trial, § 270, p. 690.)

11:42, p. 11-30.) As such, some cases have speculated, in dicta, that perhaps California Rules of Court, rule 870.2 is inapplicable to motions for attorney fees following voluntary dismissals, and there is therefore no time period within which such motions must be filed. (See *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 706 [75 Cal.Rptr.2d 376].) We are not persuaded by this reasoning. A voluntary dismissal immediately resolves the action as to the dismissed defendant. It entitles the dismissed defendant to costs and sometimes attorney fees as the prevailing party. (Code Civ. Proc., § 1032, subd. (a)(4).) Although a voluntary dismissal is generally not appealable, it is nevertheless effectively a "judgment" within the meaning of California Rules of Court, rule 2(a). (Cf. *Hollaway v. Edwards* (1998) 68 Cal.App.4th 94, 98 [80 Cal.Rptr.2d 166] [Cal. Rules of Court, rule 870.2 not applicable to probate court proceedings].) Accordingly, we conclude California Rules of Court, rule 870.2 governs, and the time for filing a motion for attorney fees commences upon service of notice of entry of dismissal.

The history of California Rules of Court, rule 870.2 supports this conclusion.[3] Prior to 1994, California Rules of Court, rule 870.2 set forth a time for filing a motion for attorney fees when the fees were sought only as an element of costs under Civil Code section 1717. Under California Rules of Court, former rule 870.2, such motions were to be filed "before or at the same time the memorandum of costs is served and filed," a 15-day time period.[4]

In 1992, the Supreme Court asked the Administrative Office of the Courts to review the timing of claims for attorney fees under Code of Civil Procedure section 1021.5 (private attorney general fees). The Supreme Court was concerned that case law arguably permitted claims for such fees to be pursued at any time. A time limit appeared desirable. (Jud. Council of Cal., Admin. Off. of Cts., Rep. on Time to Claim Attorney Fees (rule 870.2) (1992) p. 1.) Rather than address only attorney fees under Code of Civil Procedure section 1021.5, an amendment to California Rules of Court, rule 870.2 was proposed that would address the procedure for all claims for attorney fees under statute or contract. (Jud. Council of Cal., Admin. Off. of Cts., Request for Comment: Specifying Time to Claim Attorney Fees by Rule (1992).) The proposed rule provided that a "notice of motion to claim prejudgment attorney fees shall be served and filed before or at the same

---

[3]We take judicial notice of the history of California Rules of Court, rule 870.2.

[4]California Rules of Court, rule 870, governing the time to seek costs, was adopted in 1987. It provides, in pertinent part, "A prevailing party who claims costs shall serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first. . . ." (*Ibid.*)

time the memorandum of costs is served and filed." (*Ibid.*) The proposed rule was circulated for comment.

The Administrative Office of the Courts received a substantial number of comments to its proposal. Comments opposed the proposed amendment on the basis that the time suggested for claiming attorney fees would be inadequate for the more complex attorney fee issues that could arise under Code of Civil Procedure section 1021.5. The bulk of the comments, including the comment from the State Bar of California, agreed that a 60-day time period would be reasonable for all attorney fee motions. (Jud. Council of Cal., Admin. Off. of Cts., Rep. on Time to Claim Attorney Fees (rule 870.2), *supra*, at p. 4.) The State Bar's response to the request for comments was considered significant and was attached as an exhibit to the Administrative Office of the Courts' report on the proposal. In its response, the State Bar offered its own proposed language for California Rules of Court, rule 870.2, which provided, in pertinent part, as follows: "A notice of motion to claim prejudgment attorney fees shall be served and filed within 60 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." (Jud. Council of Cal., Admin. Off. of Cts. Rep. on Time to Claim Attorney Fees (rule 870.2), *supra*, at p. 14.) This language tracked the language of California Rules of Court, rule 870(a), setting forth the time limit for claiming costs. The Administrative Office of the Courts interpreted this proposal as "a requirement that the notice of motion for fees be filed within what is, in effect, the time for filing a notice of appeal." (Jud. Council of Cal., Admin. Off. of Cts. Rep. on Time to Claim Attorney Fees (rule 870.2), *supra*, at p. 4.)

Believing a 60-day time period to be appropriate, the Administrative Office of the Courts prepared another draft of California Rules of Court, rule 870.2, incorporating the time periods for filing a notice of appeal. The Administrative Office of the Courts noted, "There is probably no need to have the time allowance correspond exactly to the time for a notice of appeal; and thus, there is no need for a 180-day limit in the absence of a notice of entry of judgment. It is, however, probably harmless." (Jud. Council of Cal., Admin. Off of Cts. Rep. on Time to Claim Attorney Fees (rule 870.2), *supra*, at p. 4.) The new draft was circulated for comment, the proposed language was changed in two unrelated respects, and the language of the current California Rules of Court, rule 870.2 was adopted.

Two things are apparent from this history. The first is that California Rules of Court, rule 870.2 was adopted in order to provide time limits within which all motions for attorney fees in civil cases must be made. The second is that any omission in the language of the rule with respect to setting forth

time limits for moving for attorney fees after the entry of voluntary dismissal was wholly inadvertent. The State Bar had proposed language that require a motion for attorney fees to be filed within 60 days after the "date of service of written notice of entry of judgment or dismissal." The Administrative Office of the Courts proposed language incorporating the time requirements for filing a notice of appeal, believing such language to be equivalent, and, to the extent different, "probably harmless."

It is therefore clear that California Rules of Court, rule 870.2 provides time limits for motions for attorney fees in all civil cases, and its 60-day time limit commences to run at notice of entry of judgment or dismissal. Any other interpretation would be irrational and thwart the rulemaker's intent.

In this case, after Sanabria's voluntary dismissal of the complaint against the Embreys, written notice of entry of dismissal was served by Sanabria on December 1, 1999. The Embreys' motion for attorney fees, filed May 25, 2000, was accordingly untimely.

DISPOSITION

The order is reversed. Sanabria is awarded his costs on appeal.

Turner, P. J., and Armstrong, J., concurred.