Filed 2/24/15  Sui v. 2176 Pacific Homeowners Assn. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| YAN SUI,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>2176 PACIFIC HOMEOWNERS ASSOCIATION et al.,<br><br>    Defendants and Respondents. | G049822<br><br>(Super. Ct. No. 30-2010-00395852)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Robert D. Monarch.  (Retired Judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6, of the Cal. Const.)  Affirmed.

Yan Sui, in pro. per., for Plaintiff and Appellant.

Bonne, Bridges, Mueller, O'Keefe & Nichols, Margaret M. Holm, Robert A. Zermeno, Jr., and Allyson S. Ascher for Defendants and Respondents.

\*        \*        \*

Yan Sui appeals from the court's order denying his motion for attorney fees in his action against defendants 2176 Pacific Homeowners Association, Stephen D. Price, and Michelle J. Matteau, which action was dismissed with prejudice by Sui's bankruptcy trustee. We affirm.

FACTS[1]

In August 2010, Sui and Pei-yu Yang filed this action against defendants.

In July 2011, Sui filed a petition for bankruptcy relief in the bankruptcy court. In May 2012, defendants and Sui's bankruptcy trustee entered into a settlement agreement, whereby defendants would pay $5,000 and release Sui's bankruptcy estate from any malicious prosecution claims against Sui, in exchange for the dismissal with

---

[1] We grant defendants' request for judicial notice under Evidence Code sections 452, 453, and 459 as to the following exhibits to the request: Exhibit A (quitclaim deed from Sui and Pei-yu-Yang to Pei-yu-Yang recorded June 10, 2009), exhibit B (Sui's petition for bankruptcy relief under ch. 7 of tit. 11 of the Bankr. Code), exhibit C (settlement agreement between defendants and Sui's bankruptcy trustee, dated May 4, 2012), exhibit E (order from bankruptcy court approving the settlement agreement), exhibit G (this court's order dismissing Sui's appeal of the dismissal in the superior court, filed Sept. 6, 2013); and exhibit H (order from Ninth Circuit Court of Appeal dated July 7, 2014 affirming the order of the bankruptcy appellate panel dismissing as moot Sui's appeal from the order approving the settlement). The request for judicial notice as to the following exhibits to the request is denied for the reasons stated: Exhibit D (trustee's motion to approve settlement agreement, not necessary after taking notice of the order on the motion); exhibit F (notice of entry of dismissal, the document submitted bears a case number for a different action by Sui), and exhibit I (notice of ruling on motion for attorneys fees, hearsay statement by counsel, and no issue of timeliness of appeal).

On the court's own motion, we take judicial notice of the following documents in the superior court file: (1) notice of entry of dismissal with proof of service filed with the trial court on December 3, 2012, showing dismissal of Sui's case by his bankruptcy trustee on November 30, 2012; and (2) minute order dated February 21, 2014 denying Sui's motion for attorney fees.

2

prejudice of Sui's four pending lawsuits against defendants, including the instant action. The settlement agreement also stated the parties would bear their own attorney fees. The bankruptcy court approved the settlement agreement and authorized the trustee to carry out the terms of the compromise.

This case went to trial with Yang representing herself; Sui's bankruptcy trustee did not participate in the trial. (*Sui v. Price* (Sept. 6, 2013, G047311 [nonpub. opn.].) The court granted defendants' Code of Civil Procedure section 631.8 motion for judgment in defendants' favor. (*Ibid.*)

On November 30, 2012, Sui's bankruptcy trustee filed a request for dismissal with prejudice of this action as to Sui only. On December 3, 2012, the notice of entry of dismissal was filed and served.

Sui and Yang appealed from the judgment in this case. On September 6, 2013, we filed our unpublished opinion (1) dismissing Sui's appeal because, inter alia, he lacked standing since his claim belonged to his bankruptcy estate, and (2) affirming the judgment as to Yang. (*Sui v. Price*, *supra*, G047311.)

On December 27, 2013, over a year after the notice of entry of dismissal was filed and served, Sui filed a motion for attorney fees, alleging he was the prevailing party in the action "[b]ecause of the settlement between" his bankruptcy trustee and defendants.

On February 21, 2014, the court denied Sui's motion for attorney fees.

3

The court denied Sui's motion for attorney fees for four independent reasons: (1) Civil Code section 1717, subdivision (b)(2) provides that "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of" the recovery of attorney fees in an action on a contract; (2) the settlement agreement between defendants and Sui's bankruptcy trustee provided that each party would bear their own attorney fees; (3) Sui failed to provide any evidence that he had in fact incurred attorney fees; and (4) Sui's motion for attorney fees was untimely. Each of the court's reasons for denying Sui's motion for attorney fees was correct. Each reason independently supports the court's order. We address in greater detail only the ground of untimeliness.

When an action has been voluntarily dismissed, a motion for attorney fees must be filed no later than 60 days after notice of entry of the dismissal. (*Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 426-427 [rules concerning time for filing attorney fees motion apply to voluntary dismissals]; Cal. Rules of Court, rules 3.1702(b)(1), 8.104(a)(1)(B) & (e).) Sui filed his attorney fees motion over a year after notice of entry of dismissal was served and filed. The court properly denied the untimely motion.

Sui argues his bankruptcy trustee's request to dismiss this case and defendants' notice of entry of dismissal were invalid because (1) Sui did not consent to

---

[2] Counsel for Sui's bankruptcy trustee appeared at oral argument. Counsel claimed to have filed a brief in this appeal, although we had not seen it. We allowed him to argue based on his representation that a brief had been filed, and stated we would strike his argument and not consider it if we did not have a brief on file. Our docket does not show the filing of any brief by the trustee. On August 18, 2014, the trustee was notified pursuant to California Rules of Court, rule 8.220(a)(2) that unless his brief was filed within 15 days, the appeal would be decided on the record, the opening brief, and any oral argument by the appellants. Accordingly, we strike the oral argument by counsel for the trustee, and decide this case based only on the record and the briefs that were filed by the parties.

the dismissal and (2) the trial court did not issue its own order and notice of entry of order.  As to Sui's argument he did not consent to the dismissal, his consent was not required "because his cause of action belonged to his bankruptcy estate."  (*Sui v. Price*, *supra*, G047311; *Smith v. Arthur Andersen LLP* (9th Cir. 2005) 421 F.3d 989, 1002; see 11 U.S.C. § 541(a)(1).)  As to his argument the court did not order the dismissal, the entry of a request for dismissal "'is a ministerial, not a judicial, act.'"  (*Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 975.)  "Entry of dismissal is entered in the clerk's register and is effective when entered.  [Citation.]  Entry of dismissal terminates the action against the dismissed defendants."  (*Sanabria v. Embrey*, *supra*, 92 Cal.App.4th at p. 425.)

Sui's motion in the trial court was frivolous.  His appeal is equally frivolous.  "California courts have the inherent power to dismiss frivolous appeals."  (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516.)  We could well exercise that inherent power and dismiss Sui's appeal.  Instead, we merely affirm the manifestly correct order of the trial court.

## DISPOSITION

The postjudgment order is affirmed.  Defendants shall recover their costs incurred on appeal.


                                        IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.

6