Filed 12/16/24  Animal Protection and Rescue League v. Marengo CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DEBORAH MARENGO et al., <br><br> Defendants and Respondents. | D082607 <br><br><br> (Super. Ct. No. 37-2021-00021842-CU-BT-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Pease Law, Bryan W. Pease; Law Offices of G. David Tenenbaum, and G. David Tenenbaum for Plaintiff and Appellant.

Hahn Loeser & Parks and James E. Heffner for Defendants and Respondents.

Animal Protection and Rescue League, Inc. (APRL) appeals from an order denying its motion for an award of attorney fees pursuant to Code of Civil Procedure section 1021.5 against defendants Deborah Marengo, La Jolla Fireworks Foundation, Inc., and La Jolla Community Fireworks Foundation

as untimely.  We conclude that the trial court properly denied the motion as untimely, and we accordingly affirm the order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 2021, APRL filed a lawsuit against Marengo, La Jolla Fireworks Foundation, Inc., La Jolla Community Fireworks Foundation, and La Jolla Town Foundation.  APRL described itself as "a San Diego based nonprofit organization that has advocated for protection of marine mammals in La Jolla since 2004."  The lawsuit alleged that defendants planned to present a July 4, 2021 fireworks display in Ellen Browning Scripps Park near La Jolla Cove, also referred to as Point La Jolla.  According to APRL, the fireworks would disrupt the nearby sea lion rookery and would cause other negative environmental impacts.  The complaint pled causes of action for Unfair Business Practices (Bus. & Prof. Code § 17200) and declaratory relief.

On June 29, 2021, the trial court held a hearing on APRL's application for a temporary restraining order to prevent the fireworks display.  Two days later, on July 1, 2021, the trial court issued an order denying the application due to the lack of a justiciable controversy.  The order stated that, based on developments after the June 29, 2021 hearing, the parties had stipulated "[t]hat within the past two days the City of San Diego has denied Defendant's request for a permit to conduct the proposed Point La Jolla fireworks display based, in part, on the City's communications with the California Coastal Commission."  The trial court explained that because "[t]here is no allegation or evidence that defendants intended to violate City law and proceed with fireworks absent City approval," and "[g]iven that there is no allegation or proof that the City issued a permit for the fireworks at issue, and, at this juncture, the City has denied the permit, there is no justiciable controversy."

2

The trial court further observed that the City of San Diego was not named in the action, even though it was "an indispensable party as to any determination on whether or not injunctive relief is appropriate."

Thereafter, the parties entered into settlement negotiations to attempt to resolve the pending lawsuit. Apparently unsatisfied with the progress of those negotiations, APRL obtained an entry of default against Marengo and La Jolla Fireworks Foundation, Inc. on November 9, 2021. APRL also requested an entry of default against La Jolla Community Fireworks Foundation on the same date, but the request was denied because it was not properly served. APRL did not attempt to obtain entry of default against La Jolla Town Foundation.

On March 24, 2022, Marengo and La Jolla Fireworks Foundation, Inc. filed a motion to set aside the defaults. APRL has not included that motion in the appellate record. However, according to statements made in another document that does appear in the appellate record, the motion was set for hearing on August 19, 2022, and it requested the imposition of sanctions.

On June 24, 2022, the trial court sustained a demurrer filed by La Jolla Town Foundation.[1] The trial court's ruling stated, in relevant part: "The Court rules on defendant La Jolla Town Foundation's (Defendant) demurrer and motion to strike as to the first amended complaint (FAC) as follows: . . . *Demurrer.* The demurrers to first cause of action for unfair business practices and second cause of action for declaratory relief are sustained without leave to amend. On April 8, 2022, the California Coastal

---

[1] The briefing for the demurrer is not included in the appellate record. The register of actions indicates that the demurrer was filed on December 20, 2021, after APRL obtained entry of default against Marengo and La Jolla Fireworks Foundation, Inc.

3

Commission approved a Coastal Development Permit prohibiting fireworks within the Ellen Browning Scripps Park closure from May 1 through October 31 for the next seven years. . . . Thus, the claims being asserted by [APRL] are moot and unripe. . . . Defendant is directed to file and serve a Judgment of Dismissal."

Thereafter, La Jolla Town Foundation submitted a proposed "Judgment Of Dismissal After Sustaining Of Demurrer To First Amended Complaint Without Leave To Amend," which the trial court signed and filed on July 21, 2022. The judgment of dismissal stated, "After consideration of the evidence contained within the moving papers, and the papers filed by the parties, the Court sustained Defendant La Jolla Town Foundation's Demurrer to the first amended complaint without leave to amend. The Court ordered that the judgment of dismissal of the entire above-entitled action be entered in favor of Defendant La Jolla Town Foundation and against [APRL]. [¶] IT IS ORDERED, that the entire above-entitled action be and hereby is dismissed and that [APRL] take nothing as against Defendant, La Jolla Town Foundation."

On August 1, 2022, APRL filed a request for dismissal without prejudice as to "all parties and all causes of action," and the trial court entered the dismissal accordingly. On August 5, 2022, APRL served notice of the entry of dismissal.[2] Due to the filing of the dismissal, the upcoming

---

[2] On August 1, 2022, APRL also filed a request for dismissal *with prejudice* as to La Jolla Town Foundation. The trial court entered the dismissal, as requested, even though the judgment of dismissal as to La Jolla Town Foundation had *already* been entered by the court on July 21, 2022. APRL states in its appellate briefing that it filed both of the dismissals on August 2, 2022, because the July 21, 2022 judgment of dismissal did not

hearing on motion for relief from entry of default filed by Marengo and La Jolla Fireworks Foundation, Inc. was vacated.

On January 17, 2023, APRL filed a motion for attorney fees pursuant to Code of Civil Procedure section 1021.5 against Marengo, La Jolla Fireworks Foundation, Inc., and La Jolla Community Fireworks Foundation, but not against La Jolla Town Foundation.[3]  The motion argued that an award of fees was warranted because, among other things, APRL was a successful party in stopping the fireworks show, enforced important rights affecting the public interest, and conferred a significant benefit on the general public. APRL contended that its motion was timely, based on its assumption that the operative judgment of dismissal was filed on July 21, 2022, following La Jolla Town Foundation's successful demurrer.  According to APRL, because the parties had not been served with entry of that judgment of dismissal, APRL had 180 days from the date of that judgment to bring a motion for attorney fees.  (See Cal. Rules of Court,[4] rules 3.1702(b)(1) [a motion for attorney fees must be served and filed within the time for filing a notice of appeal], 8.104(a)

_____

appear on the trial court's docket until more than a month after the trial court filed it.

[3]    Section 1021.5 provides in relevant part:  "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if:  (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

[4]    Unless otherwise indicated, all further citations to rules are to the California Rules of Court.

[notice of appeal must be filed 180 days after entry of judgment if notice of entry of the judgment is not served by the court or a party].)

Marengo and La Jolla Fireworks Foundation, Inc., filed an opposition to APRL's fee motion.[5]  Among other things, they argued that (1) because APRL had obtained an entry of default against them, it could not seek fees from them through a noticed motion; and (2) in any event, the motion was untimely because, as to them, the operative judgment was not the judgment of dismissal entered on July 21, 2022, which applied only to La Jolla Town Foundation.

On May 26, 2023, the trial court denied APRL's fee motion as untimely, but also questioned whether, if it were to reach the merits, APRL could be described as a "successful party" within the meaning of Code of Civil Procedure section 1021.5.  The trial court stated, "[APRL] voluntarily dismissed its entire action shortly after the court sustained Defendant La Jolla Town Foundation's demurrer without leave to amend; as such, the court questions whether [APRL] can fairly be considered 'a successful party.'  In any case, [APRL's] motion for fees is untimely, and because the timing requirements for fee motions are mandatory, the motion is denied."  As the trial court explained, even though APRL contended that judgment was entered as to Marengo, La Jolla Fireworks Foundation, Inc., and La Jolla Community Fireworks Foundation on July 21, 2022, "[APRL] is mistaken.  The July 21, 2022 judgment plainly applies only to Defendant La Jolla Town

---

[5]     The opposition explained that, as to La Jolla Community Fireworks Foundation, that party did not appear in the action, and APRL did not obtain entry of default against it.  Further, the opposition explained that APRL's motion for attorney fees was not served on [La Jolla] Community Foundation and was instead served only on counsel for Marengo and La Jolla Fireworks Foundation, Inc.

Foundation." According to the trial court, APRL's voluntary dismissal of Marengo, La Jolla Fireworks Foundation, Inc., and La Jolla Community Fireworks Foundation on August 5, 2022, was " 'effectively a "judgment" ' " that "triggered the 60-day time limit" to file a fee motion against those parties, which expired on October 4, 2023. Accordingly, APRL's fee motion, filed on January 17, 2023, was "over three months late."

APRL appeals from the order denying its motion for attorney fees. (See *LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Association* (2023) 94 Cal.App.5th 1050, 1081 ["A postjudgment order which awards or denies costs or attorney's fees is separately appealable."].)

## II.

## DISCUSSION

APRL contends that the trial court erred in determining that its motion for attorney fees was untimely. Repeating the argument it made in the trial court, APRL contends that the July 21, 2022 judgment of dismissal covered *each* of the defendants it sued in this action, not just La Jolla Town Foundation. Based on the date of that judgment, and the fact that the parties were not served with it, APRL argues that its fee motion was timely.

We begin with the law governing the timeliness of postjudgment attorney fee motions. Rule 3.1702(b)(1) provides that "[a] notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under" the applicable rules of court. The time for filing a notice of appeal in this case is governed by rule 8.104(b), which states that "a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed

7

copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." In summary, "[u]nder this timing scheme, the clock starts to run from either the service of notice of entry of judgment or dismissal (starting a 60-day clock), or if no such notice is given, the entry of judgment or dismissal (starting a 180-day clock)." (*Catlin Ins. Co., Inc. v. Danko Meredith Law Firm, Inc.* (2022) 73 Cal.App.5th 764, 781.)

When a fee motion is filed following a voluntary dismissal, instead of following a judgment, the voluntary dismissal is treated like a judgment for the purpose of determining the timeliness of a fee motion. (*Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 427 (*Sanabria*).) Accordingly, "the time for filing a motion for attorney fees commences upon service of notice of entry of dismissal." (*Ibid.*)

Here, APRL contends that the July 21, 2022 judgment of dismissal, which was entered following the order sustaining La Jolla Town Foundation's demurrer, was the operative judgment for *all* of the defendants to the action, not just La Jolla Town Foundation. APRL focuses on the following sentence in the judgment of dismissal: "IT IS ORDERED, *that the entire above-entitled action be and hereby is dismissed* and that [APRL] take nothing as against Defendant, La Jolla Town Foundation." (Italics added.) Referring to the language we have italicized, APRL contends that the judgment of dismissal applies to the " 'entire' " action and therefore encompasses all of the parties. APRL further argues that this reading of the judgment of dismissal is consistent with the fact that the La Jolla Town Foundation's demurrer was sustained based on the trial court's conclusion that "the claims being asserted

8

by [APRL] are moot and unripe" due to the California Coastal Commission's prohibition of fireworks at Ellen Browning Scripps Park from May 1 through October 31 for the next seven years. APRL contends that if the claims asserted against La Jolla Town Foundation were moot and unripe for that reason, then the claims against the other defendants suffered from the same problem, and the trial court must have intended to enter a judgment of dismissal as to *all* of the parties.

The argument fails for multiple reasons. For one thing, in focusing on a single phrase in the last sentence of the judgment of dismissal, APRL has taken the words out of context. " 'The true measure of an order . . . is not an isolated phrase appearing therein, but its effect when considered as a whole. [Citations.] In construing orders they must always be considered in their entirety, and the same rules of interpretation will apply in ascertaining the meaning of a court's order as in ascertaining the meaning of any other writing. If the language of the order be in any degree uncertain, then reference may be had to the circumstances surrounding, and the court's intention in the making of the same.' " (*Concerned Citizens Coalition of Stockton v. City of Stockton* (2005) 128 Cal.App.4th 70, 77.) The paragraph directly preceding the language cited by APRL makes clear that the *only* claims covered by the judgment are those against La Jolla Town Foundation: "After consideration of the evidence contained within the moving papers, and the papers filed by the parties, the Court sustained Defendant La Jolla Town Foundation's Demurrer to the first amended complaint without leave to amend. The Court ordered that the judgment of dismissal of the entire above-entitled action be entered *in favor of Defendant La Jolla Town Foundation and against Plaintiff*." (Italics added.) Further, there is no dispute that La Jolla Town Foundation was the *only* moving party to the

9

demurrer.  It follows that the judgment resulting from that demurrer would apply only to La Jolla Town Foundation.

Next, when read closely, and with the rules of grammar in mind, the sentence ordering "that the entire above-entitled action be and hereby is dismissed and that [APRL] take nothing as against Defendant, La Jolla Town Foundation" can reasonably be understood to effectuate a dismissal *only* as to La Jolla Town Foundation.  "Under conventional rules of grammar, '[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series,' a modifier at the end of the list 'normally applies to the entire series.' " (*Facebook, Inc. v. Duguid* (2021) 592 U.S. 395, 402.)  The phrase at issue here can be read as containing two separate clauses, *both* of which are modified by the words "as against Defendant, La Jolla Town Foundation," which appears at the end.  Applying that modifier to both clauses, the sentence would read "IT IS ORDERED, that the entire above-entitled action be and hereby is dismissed [as against Defendant, La Jolla Town Foundation] and that [APRL] take nothing as against Defendant, La Jolla Town Foundation."

Finally, if there were any ambiguity in what the trial court intended by filing the July 21, 2022 judgment of dismissal, the trial court has resolved it.  "Certainly, the trial court has jurisdiction to interpret its own decree." (*Metson v. Metson* (1942) 56 Cal.App.2d 328, 332–333.)  In denying APRL's motion for attorney fees, the trial court stated that APRL was "mistaken" in its understanding of the July 21, 2022 judgment of dismissal because that judgment "plainly applies only to Defendant La Jolla Town Foundation." APRL has presented no basis for us to reject the trial court's express statement about what it intended by filing the July 21, 2022 judgment of dismissal, especially when that statement is consistent with all of the other

10

contextual indications we have discussed above. "Under these circumstances, we will not second-guess the trial court's interpretation of its own orders." (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 259.)

In sum, the July 21, 2022 judgment of dismissal applied only to the claims against La Jolla Town Foundation. APRL cannot rely on that judgment to argue that its motion for attorney fees against Marengo, La Jolla Fireworks Foundation, Inc., and the La Jolla Community Fireworks Foundation was timely. Those parties were dismissed from this action pursuant to a voluntary dismissal served by APRL on August 5, 2022. APRL had 60 days from that date to file a motion for attorney fees against them. (*Sanabria, supra,* 92 Cal.App.4th at p. 427; rules 3.1702(b)(1), 8.104(a).) APRL's January 17, 2023 motion was, therefore, not timely filed. The trial court properly denied the motion on that basis.[6]

## DISPOSITION

The order denying APRL's motion for attorney fees against Marengo, La Jolla Fireworks Foundation, Inc., and La Jolla Community Fireworks Foundation is affirmed. Marengo, La Jolla Fireworks Foundation, Inc., and the La Jolla Community Fireworks Foundation are awarded their costs on appeal.

---

[6] Because we are affirming the trial court's order on the ground that APRL's fee motion was untimely, we need not, and do not, address the other arguments for affirmance advanced by Marengo, La Jolla Fireworks Foundation, Inc., and La Jolla Community Fireworks Foundation.

IRION, J.

WE CONCUR:

HUFFMAN, J.

O'ROURKE, Acting P. J.