Filed 2/17/26

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MATTHEW HATLEVIG, | D084360 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2021-00005689-CU-BC-CTL) |
| GENERAL MOTORS LLC, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Robert C. Longstreth, Judge.  Affirmed.

Cliff Dean Schneider for Plaintiff and Appellant.

King & Spalding, Paul R. Johnson; Erskine Law Group, Mary Arens McBride, and Xylon D. Quezada for Defendant and Respondent.


Matthew Hatlevig appeals the order denying the motion for attorney fees he filed after settling an action against General Motors LLC (GM) for defects in a vehicle.  The trial court denied the motion as untimely.  We affirm.

# I.

# BACKGROUND

In February 2021, Hatlevig sued GM as the manufacturer of an allegedly defective vehicle he bought in 2017. The parties reached a settlement by which Hatlevig agreed to surrender the vehicle and to dismiss the action and GM agreed to pay him $100,000. The parties agreed Hatlevig was the prevailing party for purposes of attorney fees, and GM would pay Hatlevig the amount of fees determined by the trial court upon noticed motion.

Hatlevig's counsel notified the trial court of the settlement at a trial readiness conference on June 2, 2023. The court took all pending matters off calendar and ordered a dismissal filed within 45 days. On July 11, 2023, the clerk generated a "**NOTICE OF DISMISSAL BY COURT**," which stated the "CASE [WOULD BE] DEEMED DISMISSED WITHOUT PREJUDICE ON 08/15/2023" unless a judgment or dismissal was filed or a party appeared ex parte and showed good cause why the case should not be dismissed. The clerk mailed the notice to the parties on July 12, 2023. Neither event specified in the notice occurred by August 15, 2023.

On August 31, 2023, Hatlevig filed a motion for attorney fees. The trial court set a hearing for April 26, 2024. Hatlevig served the motion on GM on April 4, 2024.

GM opposed the motion. Among other grounds, it argued the motion was untimely because it had not been served within 180 days of the date of settlement. (See Cal. Rules of Court, rules 3.1702(b)(1) [motion for attorney fees "must be served and filed within the time for filing a notice of appeal under 8.104 and 8.108"], 8.104(a)(1) [notice of appeal generally must be filed

2

within earlier of 60 days of service of notice of entry of judgment or 180 days of entry of judgment].)

Hatlevig filed a reply in which he argued, among other points, that the motion was timely filed and served. He argued the 180-day deadline on which GM relied did not apply because the case had not been dismissed and no judgment had been entered.

The trial court held a hearing and denied the motion for attorney fees on April 26, 2024. It agreed with GM that the motion was untimely. The court reasoned: "[T]his case was dismissed on August 15, 2023, since no cause was shown why it should not be," and Hatlevig did not timely serve the motion on GM "[e]ven giving [him] the benefit of the full 180 days after that date." It rejected his argument that because there was no entry of judgment or dismissal, the deadline for filing the fee motion was never triggered. The court noted acceptance of that argument would allow Hatlevig to extend the time to file a fee motion indefinitely by violating court orders to file a dismissal within 45 days or show cause why he has not done so.

Hatlevig appealed the denial order on May 2, 2024.

On June 17, 2024, the trial court signed a minute order stating: "The court was previously notified the case settled in its entirety. [¶] Case is dismissed. [¶] The court orders the Amended Complaint(SECOND), filed by plaintiff dismissed without prejudice."

## II.

## DISCUSSION

Hatlevig raises a single claim: "The trial court erred in denying the [motion for attorney fees] because no dismissal had occurred and the time to appeal had not run at the time of the denial." Resolution of that claim of error requires interpretation and application of rules of court to a set of

3

undisputed facts, questions of law we review de novo. (*In re A.H.* (2025) 115 Cal.App.5th 1217, 1227; *Webster v. Appellate Division of Superior Court* (2020) 51 Cal.App.5th 676, 679–680.)

Rule 3.1702 of the California Rules of Court governs motions for attorney fees in civil cases. (*Id.*, rule 3.1702(a); *Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 462.) A motion for fees incurred up to the time of judgment in the trial court "*must be served and filed* within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case." (Cal Rules of Court, rule 3.1702(b)(1), italics added.) With exceptions not relevant to this appeal, the time for filing a notice of appeal is the earlier of 60 days after service of notice of entry of judgment or 180 days after entry of judgment. (*Id.*, rule 8.104(a)(1).) A voluntary dismissal is "effectively a 'judgment' " within the meaning of the rule prescribing the time to appeal. (*Sanabria v. Emery* (2001) 92 Cal.App.4th 422, 427 (*Sanabria*); accord, *Catlin Ins. Co., Inc. v. Danko Meredith Law Firm, Inc.* (2022) 73 Cal.App.5th 764, 781 (*Catlin*).) Thus, "the clock starts to run [on the time to move for attorney fees] from either the service of notice of entry of judgment or dismissal (starting a 60-day clock), or if no such notice is given, the entry of judgment or dismissal (starting a 180-day clock)." (*Catlin*, at p. 781.)

The main issue in dispute in this appeal is what event started the clock running. Hatlevig argues it was the entry on June 17, 2024, of the signed minute order that dismissed the operative complaint without prejudice. That order, he says, triggered the right to appeal and the corresponding time to move for attorney fees. Hatlevig further argues the notice the clerk mailed to the parties stating the case would be deemed dismissed on August 15, 2023, was not appealable and thus did not start the clock on the time to file a notice of appeal or to move for attorney fees. GM counters that an appealable order

4

or judgment is not required to start the clock running on the time to serve and file a motion for attorney fees. That time, says GM, "was triggered by the conclusion of the litigation on the merits on August 15, 2023, when, pursuant to the trial court's notice of dismissal, the case was deemed dismissed without prejudice." We conclude GM has the better argument.

Rule 3.1702 does not require an appealable order or judgment even though it uses "the time for filing a notice of appeal" to set the deadline for serving and filing a motion for attorney fees. (Cal. Rules of Court, rule 3.1702(b)(1).) A voluntary dismissal, though not appealable, starts the clock running on the time to move for attorney fees when the dismissal concludes the litigation and triggers a right to fees. (*Catlin, supra*, 73 Cal.App.5th at p. 781; *Sanabria, supra*, 92 Cal.App.4th at pp. 426–427.) As the *Sanabria* court explained when considering the predecessor to rule 3.1702 (which also used the time to file a notice of appeal as the time to move for attorney fees), the rule "was adopted in order to provide time limits within which all motions for attorney fees in civil cases must be made," including cases that end in a voluntary dismissal. (*Sanabria*, at pp. 428–429.) The nonappealability of the dismissal the parties agreed to as part of the settlement therefore does not prevent use of the dismissal date as the date on which the time to move for attorney fees began to run.[1]

We must next determine the date of dismissal. With exceptions not relevant to this case, when a case settles the plaintiff "*must* serve and file a

---

[1] The nonappealability of the voluntary dismissal also does not deprive this court of jurisdiction. An order on a motion for attorney fees following a voluntary dismissal is the final determination of the parties' rights and constitutes an appealable judgment. (Code Civ. Proc., §§ 577, 904.1, subd. (a)(1); *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354.) As we explain in the text, the order denying Hatlevig's motion followed the voluntary dismissal of the case on August 15, 2023, and was therefore appealable.

5

request for dismissal of the entire case within 45 days." (Cal. Rules of Court, rule 3.1385(b), italics added.) If the plaintiff does not do so, "the court *must* dismiss the case 45 days after it receives notice of settlement unless good cause is shown why the case should not be dismissed." (*Ibid.*, italics added.) On June 2, 2023, Hatlevig's counsel notified the trial court the case had settled, and the court ordered a dismissal filed within 45 days. Apparently to satisfy due process requirements, the clerk later mailed the parties notice the case would be deemed dismissed without prejudice on August 15, 2023, unless a dismissal was filed or a party showed good cause why the case should not be dismissed.[2] (See *Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, 510 [due process requires notice to parties before court may dismiss case 45 days after receiving notice of settlement].) That date came and went, but no dismissal was filed and no good cause was shown why the case should not be dismissed. When a case settles, "a dismissal of the action generally follows as a matter of law. (Cal. Rules of Court, rule 3.1385(b).)" (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1155.) Hence, consistent with the notice of dismissal, the case was dismissed without prejudice on August 15, 2023.

We acknowledge no dismissal order was filed in the case until June 17, 2024, when the trial court signed a minute order dismissing the operative complaint without prejudice. But that date is not the date of dismissal for

---

[2] It is unclear from the record why August 15, 2023, was selected as the date the case would be deemed dismissed. That date was neither 45 days after the date the trial court was notified of the settlement (June 2, 2023) nor 45 days after the date the clerk mailed the notice of dismissal (July 12, 2023). Neither party challenged use of that date in the trial court or in this court. We therefore deem any such challenge forfeited. (E.g., *Miller v. Pacific Gas & Electric Co.* (2023) 97 Cal.App.5th 1161, 1170; *Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013.)

purposes of starting the clock running on the time Hatlevig had to move for attorney fees. By filing the motion on August 31, 2023, Hatlevig implicitly acknowledged the case had been dismissed, because a dismissal or judgment in favor of the party seeking fees is a predicate to a fee award. (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1262; *Boonyarit v. Payless Shoesource, Inc.* (2006) 145 Cal.App.4th 1188, 1192.) In denying the motion, the trial court referenced the notice of dismissal and stated, "[T]his case was dismissed on August 15, 2023, since no cause was shown why it should not be." The subsequent dismissal order states, "The court was previously notified the case settled in its entirety," and "Case is dismissed." When we consider the entire dismissal order and the surrounding circumstances, as we must (*In re Ins. Installment Fee Cases* (2011) 211 Cal.App.4th 1395, 1429–1430), we conclude the court entered the order to fulfill the mandatory duty to dismiss settled cases (Cal. Rules of Court, rule 3.1385(b)) and intended it as a nunc pro tunc correction of the failure to file a dismissal order on August 15, 2023 (see *West Shield Investigations & Security Consultants v. Superior Court* (2000) 82 Cal.App.4th 935, 950–951 [court may enter nunc pro tunc order when order was not filed earlier due to inadvertence]).

Our conclusion the case was voluntarily dismissed on August 15, 2023, compels the conclusion the motion for attorney fees was untimely. Hatlevig had at most 180 days after the dismissal to serve and file his motion. (Cal. Rules of Court, rules 3.1702(b)(1), 8.104(a)(1); *Catlin, supra,* 73 Cal.App.5th at p. 781.) One hundred eighty days after the dismissal was February 11, 2024. Hatlevig filed his motion before that date (on Aug. 31, 2023), but he did not serve it until nearly two months after February 11, 2024 (on Apr. 4, 2024). The trial court therefore did not err in denying the motion as

7

untimely.  (*Catlin*, at p. 784; *Sanabria, supra*, 92 Cal.App.4th at pp. 424, 429; *Russell v. Trans Pacific Group* (1993) 19 Cal.App.4th 1717, 1728.)

### III.

### DISPOSITION

The order denying the motion for attorney fees is affirmed.  Respondent is entitled to costs on appeal.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.