[Civ. No. 56292. Second Dist., Div. Three. June 5, 1980.]

Estate of ELLEN LOUISE CASSITY, Deceased.
JAMES A. DEAK, as Special Administrator, etc.,
Petitioner and Appellant, v.
ELLEN MARGUERITE CASSITY et al., Objectors and
Respondents.

COUNSEL

Mitchell; Silberberg & Knupp and Charles A. Collier, Jr., for Petitioner and Appellant.

Charles A. Druten and Myers & D'Angelo for Objectors and Respondents.

**OPINION**

**ALLPORT, J.**—In a petition filed in superior court sitting in probate Lewis J. Deak, a resigned trustee[1] of trusts created by will of Ellen Louise Cassity, deceased, seeks an allowance of costs and trustee's fees and in a supplemental petition seeks an allowance for attorney's fees and costs, all of which were allegedly incurred in defending litigation commenced by a beneficiary attempting to reopen the 8th, 9th, 10th, 11th, and 12th accounts previously filed and approved and involving objections and exceptions to the 13th, 14th and 15th accounts, petition for his removal and an accounting as one of the trustees of the Camilla Cassity trust. Deak's petitions were denied. In accordance with the request therefor on March 15, 1978, the court below made the following findings of fact and conclusions of law: "In accordance with the Requests of Co-Trustees Deak and Sternberg for Findings of Fact and Conclusions of Law on the Court's Order denying their Petitions for Attorney's Fees and Costs, the Court hereby makes the following Findings:

"1)  In the 8th through 15th Accounts, Trustee Deak made extensive and large purchases on margin and short sales, which resulted in extensive losses to the trust estate.

"2)  These transactions were without authority and constituted a breach of trust.

"3)  Trustee Deak was surcharged in the amount of $14,116.80, plus interest, for some of these transactions, and would have been surcharged for the balance, except for the fact that the beneficiary Camilla Cassity had no actual notice of these transactions, and for that reason did not object until after the 8th through 12th Accounts were approved.

"4)  Even if Trustee Deak had not resigned as Trustee, the petition of beneficiary Cassity for his removal as Trustee would have been granted due to his breaches of trust.

---

[1]Deak acted as trustee from creation of the trusts in 1962 to his court-accepted resignation October 5, 1977.

"5) Beneficiary Cassity sought no relief against Trustee Sternberg.

"6) It would be inequitable to allow either Trustee Deak or Sternberg to recover his attorney's fees and costs.

"On the basis of the above Findings, and in the exercise of its discretion, the Court concludes that neither Trustee Deak nor Sternberg should recover attorney's fees or costs herein." Deak appeals from the denial of his petitions.[2]

CONTENTS

Briefly stated Deak contends the trial court abused its discretion in denying him any trustee or attorney's fees or costs and committed reversible error in failing to make findings of fact on all material issues. We agree and for reasons to follow will reverse.

DISCUSSION

Probate Code section 1122 provides that: "... On settlement of each account the court shall allow the testamentary trustee his proper expenses and compensation for services ...." Allowance of compensation rests in the sound discretion of the trial court, whose ruling will not be disturbed on appeal in absence of a manifest showing of abuse. (*Estate of McLaughlin* (1954) 43 Cal.2d 462, 465 [274 P.2d 868]; *Estate of Vokal* (1953) 121 Cal.App.2d 252, 260 [263 P.2d 64].) In determining compensation for trustee and attorney fees the court has the right to consider actions of the trustee in improper use of trust funds. (*Estate of McLellan* (1936) 8 Cal.2d 49, 55 [63 P.2d 1120].) An estate may not be charged with fees incurred in unsuccessfully contesting a trustee's surcharge. (*Metzenbaum* v. *Metzenbaum* (1953) 115 Cal.App.2d 395, 401-402 [252 P.2d 31, 966].)

In the instant case an order surcharging the trustee, settling the 13th, 14th and 15th accounts and accepting Deak's resignation as trustee was filed October 5, 1977. With the exception of a surcharge of $4,971.29 resulting from an improper short sale of Research Cottrell during the 10th account and further surcharges of various items in the 13th account, all of which aggregated $14,116.80, the order denied the

---

[2]Sternberg is not a party to this appeal.

beneficiary's attempt to reopen the 8th through 12th accounts and settled the 14th and 15th accounts as filed. Among the factual findings in the order were: "...the Court finding that notice of each of said petitions and accounts has been given to the persons, for the time and in the manner required by law; that co-Trustee, Thomas H. Sternberg, is not subject to any surcharge to the beneficiary, Camilla Cassity, nor liable for any contribution as a co-Trustee to Lewis J. Deak on matters of surcharge;...that the Trustees were authorized to purchase speculative securities by the decree of distribution; that securities purchased, except Research Cottrell on a short sale, were not ~~unsafe nor were they~~ purchased in reckless disregard of the effect on the trust estate; that Lewis J. Deak did not abdicate authority to determine what securities be purchased, retained or sold and did not improperly delegate his authority as a Trustee; that Lewis J. Deak at all times acted conscientiously and in good faith and was not negligent; that the matters referred to or necessarily included in the Eighth through Twelfth Accounts, including purchases of securities on margin and the purchase of speculative securities, are final and not subject to reexamination by this Court; that a short sale of Research Cottrell was not adequately disclosed in the Ninth and Tenth Accountings and an objection thereto is not barred by res judicata; that dealing in puts, calls and straddles was authorized by the trust instrument; that borrowing money from a broker to make distribution to beneficiaries was authorized by the decree of distribution; that borrowing money from a broker to purchase securities for the trust account was not authorized by the decree of distribution, and that objections to margin purchases during the Thirteenth Account should be sustained;...that on purchases of securities on margin in the Thirteenth Account, which were later sold at a loss, Lewis J. Deak is subject to surcharge in the trust for Camilla Cassity in the following amounts: 200 shares Norton Co., $26.89 plus legal interest from 10/3/74; 700 shares Mattel, Inc., $798.69 plus legal interest from 9/5/74; that Lewis J. Deak is subject to surcharge in the trust for Camilla Cassity for interest paid to brokers on the margin account during the Thirteenth Account from April 1, 1974 through January 26, 1975 in the [total sum of $5,386.62]...plus interest on each such payment at the legal rate from the date of payment; that for a loss resulting from a short sale of Research Cottrell during the Tenth Account Lewis J. Deak is surcharged in the trust for Camilla Cassity in the amount of $4,971.29, plus legal interest from October 28, 1971;...that the Objections to the Thirteenth, Fourteenth and Fifteenth Accounts are overruled, except for the items of surcharge mentioned...."

In addition to the findings incorporated in the order of October 5, 1977, the court made some 30 pages of findings of fact and conclusions of law in considerably greater detail in support of the order. In comparing these findings with the findings made supporting the order denying the trustee's compensation and attorney's fees some apparent discrepancies appear. Ordinarily a conflict between material findings mandates a reversal of the judgment (*Coffee-Rich, Inc. v. Fielder* (1972) 27 Cal. App.3d 792, 802 [104 Cal.Rptr. 252]); however, in the instant case we believe the discrepancies are reconcilable. There is no question but that the March 15, 1978, findings justify the surcharges made against the trustee and would support an order denying him compensation and attorney's fees attributable to defending his wrongdoings resulting in the surcharges. (*Estate of Vokal, supra*, 121 Cal.App.2d 252, 258.) Nevertheless, the record reflects the amount of the actual surcharges was but a small percentage of the total sought by the beneficiary. Only the $4,971.29 short sale loss surcharge was made on accounts 8th through 12th. In the 13th account $213,806.22 was sought but only $6,479.76 plus interest was recovered. No surcharge was made on either the 14th or 15th accounts where $12,484.75 and $38,618.84 were sought respectively. An analysis of the foregoing figures leads to the inescapable conclusion that the trustee successfully defended against the vast majority of charges. In this respect the October 5, 1977, findings lend substantial support, particularly the court's specific finding "that Lewis J. Deak at all times acted conscientiously and in good faith and was not negligent."

The fact that some surcharges were assessed against the trustee is not, in itself, grounds for completely denying him compensation and expenses. Section 243 of Restatement Second of Trusts provides: "If the trustee commits a breach of trust, the court may in its discretion deny him all compensation or allow him a reduced compensation or allow him whole compensation." Here the trustee admittedly was guilty of some malfeasance, however, most of the charges were disproven. A considerable portion of the trustee's efforts and expenditures must necessarily have been for the purpose of protecting himself from unjust surcharge for conduct in administering the trust which the court's findings of October 5, 1977, determined were perfectly proper. Such efforts and expenditures in the trustee's successful defense are chargeable against the trust estate. (*Estate of Beach* (1975) 15 Cal.3d 623, 644 [125 Cal.Rptr. 570, 542 P.2d 994].) The determination that the trustee is to recover no part of his requested compensation and expenditures for attorney's fees would therefore appear to be an abuse of discretion.

The judgment is reversed and the cause remanded to the trial court to determine what portion of the requested compensation and attorney's fees be allowed the trustee in accordance with the views expressed herein.

Cobey, Acting P. J., and Potter, J., concurred.