[No. B200076. Second Dist., Div. Six. Jan. 26, 2009.]

HEIDI J. KASPERBAUER et al., Plaintiffs and Appellants, v. WILLIAM D. FAIRFIELD, Defendant and Respondent.

**COUNSEL**

Law Offices of Tamila C. Jensen, Tamila C. Jensen; Nancy Reinhardt; and William F. Kruse for Plaintiffs and Appellants.

Goldenring & Prosser, Peter A. Goldenring; Law Offices of W. Stephen Onstot and W. Stephen Onstot for Defendant and Respondent.

**OPINION**

**PERREN, J.**—Appellants Heidi J. Kasperbauer, Kirsten N. Roehler and Kimberly J. Haugh are the beneficiaries of a trust. They seek and receive orders substituting a successor trustee in place of respondent William D. Fairfield, who had been the trustee for over 24 years. They also seek an order directing Fairfield to provide an accounting. The trial court orders the accounting and withholds $75,000 from the trust to cover Fairfield's anticipated attorney fees and costs associated with its preparation. At appellants' request, the court terminates the trust and distributes the corpus to appellants even though the accounting has not been completed.

Following distribution, Fairfield seeks additional funds to pay unanticipated fees and costs incurred in completing the accounting and responding to appellants' objections. The court withholds an additional $25,000 from the proceeds of the sale of real property held by the trust "for the possible payment of trustee expenses in completing the accounting." Fairfield's attorney fees and costs exceed the amounts withheld. On recommendation of the referee to whom the cause was referred, the trial court orders, inter alia, that appellants return $250,000 of the trust distribution to provide a fund from which to pay Fairfield's attorney fees and costs in completing and defending the accounting.

The beneficiaries appeal the order contending that pendente lite attorney fees are not authorized by the Probate Code and that they cannot be compelled to pay additional attorney fees and costs because the trust has been terminated and the assets of the trust distributed. They also assert that an award of attorney fees is premature because the court has not yet determined the merits of their objections to the accounting and their claim for surcharges against Fairfield. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 1980, Verna-Jo Johnson-Roehler (Johnson) and Frederick G. Roehler II (Roehler), husband and wife, established the Johnson-Roehler Trust. Appellants Heidi J. Kasperbauer, Kirsten N. Roehler and Kimberly J. Haugh are the adult children of Johnson and Roehler. Johnson died on January 2, 1981. Roehler was convicted of her murder and is incarcerated for life without the possibility of parole.[1] On October 2, 1981, Roehler executed a first amendment to the trust resigning as trustee and naming respondent William Fairfield as successor trustee.

Upon Johnson's death, the Johnson-Roehler Trust was divided into the Decedent's Trust and the Survivor's Trust. The Decedent's Trust (Trust) provides that the Trust shall terminate and its assets be distributed when the youngest beneficiary reaches the age of 25 years. That occurred on July 5, 1999. Fairfield made periodic withdrawals from the Trust for costs of administration, including trustee compensation and attorney fees. He did not provide a formal accounting or make any distributions of the Trust estate to the beneficiaries.

On March 18, 2005, appellants filed a petition requesting that the court order Fairfield to prepare an accounting and surcharge him for funds he had withdrawn from the Trust for compensation, attorney fees and other costs. Appellants filed additional petitions requesting that the court remove Fairfield as trustee, appoint Janice Martin as successor trustee, terminate the Trust and distribute the Trust corpus to appellants. On December 5, 2005, the court ordered Fairfield removed as trustee, appointed Martin as successor trustee, and directed Fairfield to file an accounting for all Trust activity for the period January 1, 1981, through October 12, 2005, on or before January 17, 2006. The court terminated the Trust and ordered that approximately $1 million in Trust assets be distributed to appellants. The court withheld $75,000 from the Trust distribution to pay attorney fees incurred by Fairfield in preparing and defending the accounting. No appeal was taken from the order.

---

[1] *People v. Roehler* (1985) 167 Cal.App.3d 353 [213 Cal.Rptr. 353].

At the December 5 hearing, prior to ordering the termination of the Trust, the following colloquy occurred:

The court: "I don't think the proposed trustee would want—this is mandatory, less 75 or whatever the number is. Everything goes—how are they going to administer anything? How are you going to pay your trustee?

"MS. REINHARDT [counsel for appellants]: . . . I think any questions that the successor trustee has with respect to whether or not my client would agree that her withheld [*sic*] can be increased by any set amount so that there's no question that too much has been distributed and they have to put it back is something between Miss Martin and my clients. There's no reason . . . the decedent's trust has been terminated that Miss Martin has to retain any assets.

"MR. ONSTOT [counsel for Fairfield]: These trusts are subject to an accounting involving the new trustee. There will be costs and expenses associated with them. This is a court order that the trustee turn over everything. Remember, there's no discretion to the trustee. There's no authority to retain anything. This is your order telling him everything goes.

"THE COURT: Right.

"MS. REINHARDT: Then the liability becomes my client's, your Honor.

"THE COURT: I'm okay with this proposed order."

On January 7, 2006, the court ordered an additional $25,000 be withheld from the proceeds of sale of real property held by the Trust and segregated to be used for payment of Fairfield's expenses in completing the accounting.

On April 3, 2006, Fairfield filed an accounting comprising more than 1,000 pages. Appellants filed objections to the accounting and sought to surcharge Fairfield on multiple grounds. On December 20, 2006, the court appointed the Honorable Melinda Johnson (ret.), as referee for all purposes due to the complexity of the case. The contest over the accounting is pending before her.

On March 1, 2007, Fairfield filed a petition seeking, among other things, an order for payment of additional attorney fees incurred in preparing and defending the accounting and a request that the court impose a lien on Trust assets to pay the attorney fees he had incurred and would incur in excess of the amounts previously withheld from the Trust.

The referee recommended that the court approve attorney fees and costs in the amount of $42,071 and that the court further order appellants to deposit

$250,000 in a segregated account to pay attorney fees subsequently incurred by Fairfield and approved by the court.

The referee further recommended that the trial court deny Fairfield's request to impose a lien on the distributed Trust assets because she could not make a finding that "the statutory requirements necessary to impose a lien on distributed trust assets has been met." On May 10, 2007, the trial court adopted the referee's recommendation as its order.

On appeal, appellants contend that the court erred in awarding pendente lite attorney fees and ordering appellants to return Trust assets to pay attorney fees incurred by Fairfield in the ongoing litigation over the accounting.

## DISCUSSION

### Standard of Review

Where, as here, a statute provides for an award of attorney fees, we review the trial court's award of attorney fees for abuse of discretion. (See *Terry v. Conlan* (2005) 131 Cal.App.4th 1445, 1461 [33 Cal.Rptr.3d 603] [trial court's order that attorney fees may be payable from trust income reviewed under abuse of discretion standard]; see also *Estate of Vokal* (1953) 121 Cal.App.2d 252, 260–261 [263 P.2d 64] [if statute expressly authorizes fees, the probate court "is vested with wide discretion in awarding counsel fees for services to a trust and its findings will not be disturbed in the absence of a showing of a palpable abuse of such discretion"].)

### Interim Attorney Fee Awards Are Authorized by the Probate Code

Appellants contend the court may not award attorney fees where, as here, no determinations have been made as to the validity of appellants' objections to the accounting and their claim that Fairfield should be surcharged for amounts he withdrew from the Trust. Appellants argue that the only statutory basis for an award of attorney fees to Fairfield is Probate Code section 17211, subdivision (a),[2] and the award was not authorized because the court did not make a finding of bad faith.[3] We disagree. "[T]he Probate Code is studded

---

[2] All further statutory references are to the Probate Code unless otherwise stated.

[3] Section 17211, subdivision (a) states, "If a beneficiary contests the trustee's account and the court determines that the contest was without reasonable cause and in bad faith, the court may award against the contestant the compensation and costs of the trustee and other expenses and costs of litigation, including attorney's fees, incurred to defend the account. The amount awarded shall be a charge against any interest of the beneficiary in the trust. The contestant shall be personally liable for any amount that remains unsatisfied."

with provisions authorizing the trustee to hire and pay (or seek reimbursement for having paid) attorneys to assist in trust administration. For example, section 16247 empowers the trustee 'to hire persons, including . . . attorneys . . . or other agents . . . to advise or assist the trustee in the performance of administrative duties.' Section 16243 provides, 'The trustee has the power to pay . . . reasonable compensation of the trustee and of employees and agents of the trust, and other expenses incurred in the . . . administration . . . and protection of the trust.' And section 15684, subdivision (a) provides in part, 'A trustee is entitled to the repayment out of the trust property for . . . [¶] [e]xpenditures that were properly incurred in the administration of the trust.' " (*Hollaway v. Edwards* (1998) 68 Cal.App.4th 94, 97 [80 Cal.Rptr.2d 166]; see also *Wells Fargo Bank v. Superior Court* (2000) 22 Cal.4th 201, 213 [91 Cal.Rptr.2d 716, 990 P.2d 591] ["Under California law, a trustee may use trust funds to pay for legal advice regarding trust administration . . . ."].)

■ Attorneys hired by a trustee to aid in administering the trust are entitled to reasonable fees paid from trust assets. Preparing the accounting and responding to the beneficiaries' objections to that accounting are aspects of trust administration. Therefore, the court did not abuse its discretion in ordering that reasonable attorney fees be paid from trust assets as those fees are incurred.

■ Appellants' argument that Trust assets may not be used to compensate a trustee's attorneys after the trustee is discharged also is without merit. Section 15644 states in part: "A trustee who has resigned . . . has the powers reasonably necessary under the circumstances . . . to complete the resigning or removed trustee's administration of the trust." Section 15407, subdivision (b), states: "On termination of the trust, the trustee continues to have the powers reasonably necessary under the circumstances to wind up the affairs of the trust." Fairfield has a fiduciary obligation to complete and defend his accounting until settled by the court. Section 16247, permitting Fairfield to hire attorneys to advise and assist him in the administration of the Trust, authorizes the court to order attorney compensation to be paid from Trust assets. (*Estate of Scrimger* (1922) 188 Cal. 158, 168 [206 P. 65]; *Estate of Baird* (1955) 135 Cal.App.2d 343, 349 [287 P.2d 372], disapproved on another ground in *Estate of Schloss* (1961) 56 Cal.2d 248, 256 [14 Cal.Rptr. 643, 363 P.2d 875]; *Bixby v. Hotchkis* (1943) 58 Cal.App.2d 445, 452 [136 P.2d 597]; see also *Estate of Trynin* (1989) 49 Cal.3d 868, 874 [264 Cal.Rptr. 93, 782 P.2d 232] ["Services that do not directly benefit the estate in the sense of increasing, protecting, or preserving it are nonetheless compensable if the estate's attorneys or representatives in performing the services were 'acting in consonance with the fiduciary duties imposed upon them' . . . ."]; *Estate of Cassity* (1980) 106 Cal.App.3d 569, 574 [165 Cal.Rptr. 88] [trustee entitled to reimbursement of legal expenses in defending his accounting even though he committed breaches of trust].)

■ Nothing in the Probate Code or case law requires that attorneys who aid a trustee in trust administration must await a final adjudication of the beneficiaries' claims against the trustee to receive compensation.

### The Probate Court Has Authority to Order Appellants to Pay Attorney Fees Incurred by the Trustee in Completing and Defending the Accounting

Had a distribution of all the assets of the trust not been ordered, the preceding discussion would conclude the matter. As distribution was ordered, the question arises whether the probate court had authority to order appellants to return a portion of the distributed Trust assets to compensate Fairfield's attorneys in the ongoing dispute over the accounting.

Appellants contend that the court has no such authority. Their arguments are premised on cases holding that an unappealed order of distribution is res judicata and cannot be collaterally attacked. This principle, however, is limited to heirs, legatees and devisees. It does not relate to or affect the rights of adverse claimants such as a trustee, a former trustee, or those whose claims pass through them such as lawyers and accountants. (See, e.g., *Finnerty v. Pennie* (1893) 100 Cal. 404, 407 [34 P. 869] [decree of distribution does not conclude rights of administrator of original estate as adverse claimant of lien on property distributed to the heirs]; *Shelton v. Vance* (1951) 106 Cal.App.2d 194, 197 [234 P.2d 1012] [decree of distribution does not bind third persons who claim adverse interest in that of intestate or testator].)

Appellants rely on *Estate of Bissinger* (1964) 60 Cal.2d 756 [36 Cal.Rptr. 450, 388 P.2d 682], to support their argument that after trust assets have been distributed to the beneficiaries, the court has no jurisdiction over those assets. In that case, a trustee of a testamentary trust, after a decree of distribution had become final, sought compensation in excess of that provided in the will and decree. The court said: " 'a decree of distribution that has become final is a conclusive determination of the terms and validity of a testamentary trust and of the rights of all parties thereunder' [citation], including the trustees . . . ." (*Id.*, at p. 762.)

■ The *Bissinger* court, however, went on to say that the rule was not absolute and that "upon a proper showing of exigency or emergency the superior court sitting in probate has, and is intended by the Legislature to have [citation], jurisdiction to change the compensation of the trustee as fixed by the testator and the decree of distribution. A contrary holding which would require the trustee to institute a separate proceeding in the superior court to adjudicate such compensation would result in the 'anomalous situation' [citation] that the trustee would be obliged to seek the approval of two

courts . . . ." (*Estate of Bissinger, supra,* 60 Cal.2d at p. 768.) Thus, *Bissinger* teaches that a probate court has the power to settle all disputes relating to the trust matters that come before it. (See also *Patton v. Sherwood* (2007) 152 Cal.App.4th 339, 344, fn. 3 [61 Cal.Rptr.3d 289] [construing §§ 17000, 17001 and 17004 as giving the probate court jurisdiction to dispose of all matters properly before it concerning the administration of trusts].)

■ Moreover, a final judgment can be set aside upon a showing of extrinsic fraud or mistake. "Equitable relief from an order or judgment otherwise final may be granted on [the theory of extrinsic mistake] where the aggrieved party has been unable to make a case of extrinsic fraud, but has shown excusable neglect, hardship or other grounds for the failure to press a claim or defense. Among other things, where a party has refrained from litigating a claim or defense in reliance on some agreement or promise to act or refrain from acting, which promise is subsequently breached, such reliance may establish a case of excusable extrinsic mistake." (*Estate of Beard* (1999) 71 Cal.App.4th 753, 775 [84 Cal.Rptr.2d 276].)

The record here supports application of the doctrine of extrinsic mistake. During the hearing on appellants' request for termination of the Trust and distribution of assets, the court specifically questioned appellants' counsel about the source of payment of trustee expenses after the trust assets were distributed. Appellants' counsel replied with appropriate candor, as she must: "[T]he liability becomes my client's." Fairfield's counsel was present during that exchange and had a right to rely on that representation in not opposing distribution of Trust assets. To the extent the court's order amounted to an opening of an otherwise final judgment, the court was within its equitable jurisdiction sitting in probate to do so. (*In re Estate of Beard, supra,* 71 Cal.App.4th at pp. 775–776; see also *Platnauer v. Forni* (1933) 131 Cal.App. 393, 399–400 [21 P.2d 638] [attorney for estate was not precluded from enforcing his claim against sole distributee and executor where executor had procured distribution before conclusion of litigation and thereby had fraudulently prevented attorney from presenting his claim for fees].)

■ In addition, the common law as set forth in the Restatement Second of Trusts, section 249, page 628, Indemnity from the Beneficiary Personally, supports Fairfield's right to indemnification from the beneficiaries for expenses incurred in defending the accounting. Subdivision (2) of that section states: "If the trustee is entitled to indemnity out of the trust estate for expenses incurred in the administration of the trust and conveys the trust estate to the beneficiary without deducting the amount to which he is entitled as indemnity, he is entitled to indemnity from the beneficiary personally to the extent of the property so conveyed, unless he manifested an intention to forego his claim to indemnity, or unless the beneficiary has so changed his position that it is inequitable to compel him to indemnify the trustee."

We have found no California case applying this provision. However, the Legislature has directed that the common law governs except as it has been modified by statute. (§ 15002.) No California statute has modified the common law on this point and it is applicable here. As the court distributed all the assets of the Trust without making adequate provision for Fairfield's expenses of administration, the trial court properly ordered that a portion of the Trust assets be returned to provide a fund for payment of such expenses. We hasten to add, however, that appellants may seek reimbursement from Fairfield at the conclusion of the case should they prevail on their claim that Fairfield breached his fiduciary duty or that his expenditures for Trust administration were excessive.

The order is affirmed. Costs on appeal are awarded to respondent.

Gilbert, P. J., and Coffee, J., concurred.

A petition for a rehearing was denied February 24, 2009, and the opinion was modified to read as printed above.