Filed 10/23/15  McCoy v. U.S. Bank, N.A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MARLENE MCCOY et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> U.S. BANK, N.A., as Trustee, etc., <br><br> Defendant and Respondent. | D067110 <br><br><br> (Super. Ct. Nos. 37-2013-00054840-PR-TR-CTL & 37-2014-00004879-PR-TR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, William R. Nevitt, Jr., Judge.  Affirmed.

Henderson, Caverly, Pum & Charney, Kristen E. Caverly and Lisa B. Roper, for Plaintiffs and Appellants.

McKenna Long & Aldridge, Charles A. Bird and Mary F. Gillick, for Defendant and Respondent.

INTRODUCTION

Marlene McCoy, Leslie Noblitt and Sydney Taylor (collectively, appellants) are three of five residual beneficiaries of a family trust.  They appeal an order denying their motion for preliminary injunction, which sought to enjoin the trustee, U.S. Bank, N.A. (U.S. Bank), from using trust funds to pay for litigation expenses incurred in defense of challenges the appellants have made to the terms of the trust and to the trust administration.  Appellants contend they should not be required to meet the usual requirements for a preliminary injunction because they believe a trustee should be required, as a matter of law, to pay litigation expenses out of separate funds and seek reimbursement from the trust only after litigation with the beneficiaries concludes on the merits.  We do not agree and affirm the order denying the preliminary injunction.

FACTUAL AND PROCEDURAL BACKGROUND

A

Kermit and Phyllis Keen created a family trust in 1996.  After Mr. Keen died, Mrs. Keen restated the survivor's trust in its entirety, naming herself as the trustee and U.S. Bank as the successor trustee.  U.S. Bank has acted as the trustee since Mrs. Keen died in August 2012.  The trust held substantial assets totaling approximately $34 million at the time of Mrs. Keen's death.  It held over 45 real estate properties, including numerous residential rental properties and several parcels of commercial property on which a McDonald's is located.

The five residuary beneficiaries of the trust are Mrs. Keen's nieces and nephews.  With the exception of one specific bequest of real property, the terms of the trust direct

2

the trustee to sell all assets of the estate and distribute the proceeds in equal shares to the beneficiaries.

B

U.S. Bank employed a real estate firm to manage the rental properties until they could be sold.  U.S. Bank also "developed and implemented a plan to sell the properties in a controlled manner that would take advantage of the rising real estate market while not flooding the … market so as to depress the sales prices."

As of the end of May 2014, 35 properties had been sold, one property was distributed as directed by the trust, and eight other properties were listed or were in escrow.  U.S. Bank made nearly $13 million in preliminary distributions to the residuary beneficiaries as well as estate tax payments.

U.S. Bank employed experts to assess potential environmental issues regarding the McDonald's property, which was formerly a gas station, before it could be sold. Additionally, U.S. Bank was evaluating methods to maximize the value of the trust's interest in three of the four lots making up the McDonald's property and an adjoining lot.[1]

---

[1]     The residuary beneficiaries and others unrelated to the trust owned the fourth lot. One of the appellants objected to joining in a sale of the McDonald's property.  The appellants wanted an in-kind distribution of the property, however not all beneficiaries agreed.  An in-kind distribution does not comply with the trust directive to sell all property and would require a court-ordered modification.

3

## C

U.S. Bank initiated these proceedings in June 2013 when it filed a petition for an order confirming trust assets. In February 2014 appellants filed a separate petition (1) for preliminary distributions; (2) to compel the trustee to create a marketing plan for trust assets; (3) to compel the trustee to disclose trust administration documents; (4) for distribution of trust assets in kind; (5) to disallow accounting for the period of August 8, 2012, to October 31, 2013; (6) for surcharge against trustee for breach of trust; and (7) for trustee removal. Appellants' petition prayed, in part, for an order preventing U.S. Bank from using trust assets to defend against the petition and compelling the trustee to reimburse the trust for legal fees not related to trust administration. The two actions were later consolidated.

U.S. Bank responded and objected to appellants' petition stating it was administering the trust according to the terms of the trust and the majority of legal fees were expended as a result of appellants' demands during the administration of the trust, which U.S. Bank referred to as excessive, aggressive and unreasonable.

U.S. Bank filed a petition to approve its first accounting, which included U.S. Bank's fees for the accounting period as well as legal fees incurred during that period. The remaining two beneficiaries, who have not joined appellants' action, objected to U.S. Bank's petition for approval of the first accounting "*only* insofar as it charges the [t]rustee's legal fees to the [t]rust as a whole, without specifically allocating to the respective shares of [the appellants] the amount of legal fees attributable to the [t]rustee's efforts to respond to and defend against the claims and objections of [the appellants]."

4

Appellants then filed a motion for preliminary injunction to (1) enjoin U.S. Bank from using trust assets for attorney fees or other litigation expenses related to appellants' petition or U.S. Bank's petition for approval of the first accounting; (2) compel U.S. Bank to account for all attorney fees and other litigation expenses charged to the trust; and (3) compel U.S. Bank to reimburse the trust for such fees and expenses. Although appellants acknowledged, "some of these fees are likely for trust administration such as preparing tax returns," it contended U.S. Bank "is largely spending the beneficiaries' money to prevent itself from being removed as trustee and surcharged for breach of fiduciary duty."

U.S. Bank opposed the motion for preliminary injunction contending appellants presented no authority prohibiting it from paying attorney fees from the trust when defending its accounting. U.S. Bank further contended there was no basis for preliminary injunction because appellants did not establish the likelihood they will prevail on the merits at trial and they will sustain interim harm if preliminary relief is not granted.

The trial court denied the motion for preliminary injunction finding appellants failed to meet their burden of establishing they are entitled to provisional relief before a final determination of the issues has been made. In so holding, the court concluded appellants "neglect[ed] to address the requirements for a preliminary injunction." They failed to establish a likelihood of prevailing on their claims because they did not present evidence to support the contentions of wrongdoing by U.S. Bank. The court noted both standard probate authority and the language of the trust at issue allow a trustee to pay expenses incurred in administering or defending the trust. Additionally, it cited case

5

authority authorizing payment of trustee fees from trust assets unless there is a showing the fees were not incurred for the benefit of the trust. (*Whittlesey v. Aiello* (2002) 104 Cal.App.4th 1221, 1230.) Finally, the court also noted appellants' failure to address the issue of harm. Appellants appeal the order denying the preliminary injunction pursuant to Code of Civil Procedure section 904.1, subdivision (a)(6).

## DISCUSSION

Appellants contend the trial court applied the wrong standard in considering their motion for preliminary injunction. Instead of placing the burden on the moving parties to establish entitlement to preliminary injunctive relief, as is typically required, appellants contend the trial court should have required U.S. Bank to pay for its own fees until the merits of the litigation are complete. We are not persuaded.

Although the probate court has the general power and duty to supervise the administration of trusts (*Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427), appellants sought a preliminary injunction to enjoin U.S. Bank for using trust assets for ongoing litigation regarding the administration of the trust. In doing so, they relied on the court's authority to order injunctive relief under Civil Code section 3368 and Code of Civil Procedure section 526, subdivision (a)(1).

It is well established, "[i]n determining whether to issue a preliminary injunction, the trial court considers: (1) the likelihood that the moving party will prevail on the merits and (2) the interim harm to the respective parties if an injunction is granted or denied. The moving party must prevail on both factors to obtain an injunction." (*Sahlolbei v. Providence Healthcare, Inc.* (2003) 112 Cal.App.4th 1137, 1145.)

6

Appellants cite no authority supporting an elimination of these requirements for preliminary injunctions sought in the context of probate proceedings.

" 'When a trial court denies an application for a preliminary injunction, it implicitly determines that the plaintiffs have failed to satisfy either or both of the "interim harm" and "likelihood of prevailing on the merits" factors. On appeal, the question becomes whether the trial court abused its discretion in ruling on *both* factors. Even if the appellate court finds that the trial court abused its discretion as to one of the factors, it nevertheless may affirm the trial court's order if it finds no abuse of discretion as to the other.' " (*Abrams v. St. John's Hospital & Health Center* (1994) 25 Cal.App.4th 628, 636.) If a party's likelihood of prevailing on the merits can be determined as a matter of law, de novo review is proper for that factor. (*Sahlolbei v. Providence Healthcare, Inc.*, *supra*, 112 Cal.App.4th at pp. 1145-1146.)

Appellants made no showing of interim harm, which "involves consideration of such things as the inadequacy of other remedies, the degree of irreparable harm, and the necessity of preserving the status quo." (*Abrams v. St. John's Hospital & Health Center*, *supra*, 25 Cal.App.4th at p. 636.) Appellants failed to address this issue either in their motion below or in their opening brief on appeal. Appellants contend in their reply brief this is not an issue for appeal because the trial court did not weigh the harm in the first instance. This is not so. After noting appellants' failure to address the interim harm issue in their moving papers, the trial court stated, "without some evidence of harm to [appellants], '[r]equiring [U.S. Bank] to mount a defense and then enjoining [it] from paying for that defense from the assets which it is entitled to use is highly inequitable.' "

" 'The denial of a preliminary injunction does not require any statement of decision or explanation.' [Citation.] '[T]he fact that the court's conclusion is set forth in summary fashion does not mean the court failed to engage in the requisite analysis, or that its analysis was incorrect.' [Citation.] For purposes of appellate review, we therefore presume the court considered every pertinent argument and resolved each one consistently with its minute order denying the preliminary injunction." (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1450-1451.) Based on the record before us, we cannot conclude the trial court abused its discretion in determining there was no interim harm to appellants or, if there was any such harm, it was outweighed by the inequity of requiring U.S. Bank to fund the litigation caused by the appellants.

The court had before it evidence of the substantial assets of the trust as well as the substantial distributions U.S. Bank had already made to the beneficiaries. In addition, the terms of the trust permit the trustee to pay from the trust estate "attorneys' fees and other expenses of probate or trust administration incurred by reason of the Surviving Trustor's death and attributable to the trust estate" and give the trustee the power to "commence or defend, at the expense of the trust, such litigation with respect to the trust or any property of the trust estate as the [t]rustee considers advisable."

In addition, the " 'Probate Code is studded with provisions authorizing the trustee to hire and pay (or seek reimbursement for having paid) attorneys to assist in trust administration. For example, section 16247 empowers the trustee "to hire persons, including … attorneys … or other agents … to advise or assist the trustee in the performance of administrative duties." Section 16243 provides, "The trustee has the

8

power to pay … reasonable compensation of the trustee and of employees and agents of the trust, and other expenses incurred in the … administration … and protection of the trust."  And section 15684, subdivision (a) provides in part, "A trustee is entitled to the repayment out of the trust property for … [¶] [e]xpenditures that were properly incurred in the administration of the trust." ' "  (*Kasperbauer v. Fairfield* (2009) 171 Cal.App.4th 229, 234-235.)  "When the law gives the trustee a right to use trust funds, or to reimbursement, the funds do not in law belong to the beneficiaries.  Conversely, if the trustee's expenditures turn out to have been unauthorized, the beneficiaries may ask the probate court to surcharge the trustee."  (*Wells Fargo Bank v. Superior Court* (2000) 22 Cal.4th 201, 213.)[2]

The fact U.S. Bank is a large company does not require it to foot the bill during the course of litigation for legal expenses made necessary by the appellants in challenging the terms and administration of the trust.  The appellants' petition challenges U.S. Bank's accounting and seeks to modify the terms of the trust regarding how the beneficiaries' interest in the McDonald's property should be distributed (in-kind rather than distribution of assets after sale).  These are trust administration matters, even if the

---

[2]     The Supreme Court commented in a footnote "a trustee has a right to charge the trust for the cost of successfully defending against claims by beneficiaries.  The better practice may be for a trustee to seek reimbursement after any litigation with beneficiaries concludes, initially retaining separate counsel with personal funds."  (*Wells Fargo Bank v. Superior Court*, *supra*, 22 Cal.4th at p. 213, fn. 4.)  However, this suggestion was given in the context of preserving arguments regarding attorney-client privilege and is not persuasive to our analysis regarding the preliminary injunction at issue in this case.

9

allegations also challenge the trustee's conduct. (*Leader v. Cords* (2010) 182 Cal.App.4th 1588, 1599; *Kasperbauer v. Fairfield*, *supra*, 171 Cal.App.4th at p. 235.)

This is not a situation where the expenditure of payment of litigation funds from the trust pendente lite threatens the purpose of the trust. The facts here are distinguishable from those in *Schwartz v. Labow*, *supra*, 164 Cal.App.4th at page 422, where a trustee had encumbered and then sold the primary trust asset to pay for litigation expenses and left insufficient funds to care for the trust's senior conservatees. Without some evidence of interim harm to the appellants in this case, the court was well within its discretion to deny the motion for preliminary injunction on this basis.

Given our decision, the court did not abuse its discretion in denying the preliminary injunction on the basis of lack of interim harm, we need not reach the issue of likelihood of success on the merits.

## DISPOSITION

The order denying preliminary injunction is affirmed. Respondent shall recover its costs on appeal.

MCCONNELL, P. J.

WE CONCUR:

BENKE, J.

MCDONALD, J.

10