Filed 7/13/16  Shelton v. Larson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DANA K. SHELTON,<br><br>   Plaintiff and Appellant,<br><br>   v.<br><br>DANIEL KEITH LARSON et al.,<br><br>   Defendants and Respondents;<br><br>PETER KOTE, as Trustee etc.<br><br>   Movant and Respondent. | G050935<br><br>(Super. Ct. No. 30-2012-00539610)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Kim R. Hubbard, Judge.  Reversed and remanded.

Law Offices of Evan L. Ginsburg and Evan L. Ginsburg for Plaintiff and Appellant.

Daniel Keith Larson, in pro. per., for Defendant and Respondent.

Sharon Deon Sims, in pro. per. for Defendant and Respondent.

Law Offices of Teresa Gorman and Teresa Gorman for Movant and Respondent Peter Kote, as Trustee of the Gerald Raymond Larson and Barbara Anne Larson Trust.

*        *        *

This appeal arises out of a dispute over attorney fees and trustee fees to be paid to a trustee of the Gerald Raymond Larson and Barbara Anne Larson Revocable Trust (Trust), both of whom are deceased.

The primary beneficiaries of the Trust are the trustors' children, plaintiff and appellant Dana K. Shelton, who was named the successor trustee (Trustee), and respondents Daniel Keith Larson (Larson) and Sharon Dion Sims (Sims; together with Larson, Objectors), each receiving a 25 percent share. While Trustee was serving in that capacity she and Objectors had many disagreements and disputes, resulting in, among other things, the ultimate removal of Trustee based on a conflict of interest.

After a trial on Objectors' objections to two of Trustee's accounts, the court found certain acts by the Trustee, while neither inuring to her benefit nor gross negligence or willful misconduct, were breaches of her fiduciary duties. The court surcharged her for another transaction and further found as to an additional transaction she had a conflict of interest. As a result, it found she should not benefit from those acts and denied her request for trustee fees and costs and attorney fees and costs and also required her to disgorge certain attorney fees, trustee fees, and costs already paid.

Trustee argues these rulings were erroneous. She claims Objectors waived their right to challenge attorney fees and cost already paid, and that the court abused its discretion in denying her additional attorney fees and costs she sought to have approved. She further contends she exercised her discretion as Trustee in good faith and that the court abused its discretion by requiring her to disgorge trustee fees and costs already paid and denying her trustee fees and costs to which she was entitled.

2

We agree the court erred in denying any trustee fees and costs or attorney fees and costs based on Trustee's breach of fiduciary duty and conflict of interest, or ordering disgorgement of those fees and costs on that basis. Therefore, we reverse and remand for the court to determine the reasonable amount of trustee fees and costs and attorney fees and costs to be paid or approved.

Respondent Peter Kote, who succeeded Trustee (Successor Trustee), asks us to clarify the trial court's ruling about the disgorgement of attorney fees. We deny that request as outside the scope of the appeal.

## FACTS AND PROCEDURAL HISTORY

Upon the death of the second trustor, Barbara Anne Larson (Barbara),[1] one of the Trust's assets was a piece of residential real property in Anaheim (Residence), in which Barbara had been living. Barbara or the Trust (the record is unclear) had borrowed $290,000 from Bank of America (BofA Loan), apparently to loan money to Trustee's son Christopher and his wife (Perezes). In 2010, the Perezes borrowed approximately $330,000 from Barbara or from the Trust (again, the record is unclear) to purchase real property. The loan was evidenced by a promissory note[2] secured by a deed of trust on the property purchased (Perez loan).

In 1991, Trustee herself borrowed almost $120,000 from Barbara and Larson (Trustee Loan). This was evidenced by a promissory note and secured by a trust deed on Trustee's residence. The Trustee Loan was an asset of the Trust upon Barbara's death. The Trust also owned a truck.

---

[1] We use Barbara's first name for clarity, not out of disrespect.

[2] In her first account, Trustee stated that the deed of trust referred to a promissory note but she could not find it.

Paragraph 7.10 of the Trust, entitled "Compensation of Individual Trustees," stated that "[e]ach individual who is a trustee under this instrument shall be entitled to reasonable compensation for services rendered, payable without court order."

Paragraph 7.12 of the Trust, entitled "General Powers of Trustee," provided: "To carry out the purposes of the trusts created under this instrument, and subject to any limitations stated elsewhere in this instrument, the trustee shall have all of the following powers . . . . [¶] . . . [¶] (f) Employ and discharge agents and employees, including but not limited to attorneys . . . to advise and assist the trustee in the management of any trusts created under this trust instrument, and compensate them from the trust property. . . . [¶] . . . [¶] (o) At trust expense, prosecute or defend actions, claims, or proceedings of whatever kind for the protection of the trust property and of the trustee in the performance of the trustee's duties, and employ and compensate attorneys . . . as the trustee deems advisable."

Paragraph 7.23 of the Trust, entitled "Trustee's Liability," stated a trustee shall not be liable "to any interested party for acts or omissions of that trustee, except those resulting from that trustee's willful misconduct or gross negligence."

In the Second Account Current and Report of Administration and Petition for its Settlement (Second Account), Trustee, among other things, asked the court to approve the approximately $24,300 attorney fees she had paid.

Objectors filed objections, including a claim Trustee was renting the Residence to Trustee's son Daniel and a roommate below market, with the rent being insufficient to pay the mortgage, insurance, and taxes. They also maintained Trustee was improperly accounting for payments on the BofA Loan and the Perez Loan, including, among other things, misrepresenting the principal on the Perez loan had been reduced when the payments were actually made to reduce principal on the BofA loan. Objectors also asserted Trustee unreasonably delayed listing the Residence for sale for almost two years. Objectors further asserted Trustee substantially misrepresented the balance owed

4

to Barbara and Larson on the Trustee Loan.  Objectors sought to have Trustee surcharged for any losses the Trust incurred.

Shortly thereafter Larson filed a petition to have Trustee removed as trustee and to review the reasonableness of her compensation.  The petition included numerous claims of wrongdoing by Trustee.  After a hearing, the court ordered Trustee removed and appointed Successor Trustee.  The basis for removal was an unspecified conflict of interest.

Prior to that order, Trustee filed a supplement to the Second Account and Objectors filed supplemental objections.  Just after she was removed, Trustee filed the Third Account Current and Report of Administration and Petition for its Settlement (Third Account) and an Amended Third and Final Account of Report of Administration, Petition for its Settlement and for Allowance of Trustee's Fees (Amended Third Account).  In the Third Account, Trustee asked the court to approve the just over $82,000 she had paid for attorney fees and costs.  In the Amended Third Account she requested the court approve her additional payment of more than $37,000 in attorney fees and costs.  She also sought approval of her trustee fees.

Objectors filed objections to both the Third Account and Amended Third Account.  These generally paralleled the objections to the Second Account.  In addition, Objectors objected to attorney fees they claimed Trustee had paid for non-Trust related matters.  They also challenged the attorney fees of more than $163,000 paid for an estate Trustee valued at $750,000, a good deal of the fees incurred for "answering for her misconduct, avoiding her legitimate debt to the estate and minimizing her son's debt to the estate, which has resulted in a significant depletion of the trust estate."

Objectors also asserted many of the trustee fees, at $75 per hour, were for unnecessary activities such as attending several trial setting conferences, and time spent defending against the petition to have her removed as Trustee.  They asked she not be awarded any trustee fees or mileage.

5

After a trial on the objections, the court ruled as follows. Objectors had alleged Trustee sold the Residence below market value and complained about Trustee's son's removal of fixtures from it. The court found there was no gross negligence or willful misconduct and Trustee had not benefitted. Thus it denied a surcharge.

As to failure to charge fair market rent for the Residence, delay in listing it for sale, and applying the Trust's payments to reduce principal on the Perez Loan instead of the BofA Loan, the court found Trustee breached her fiduciary duties, although the acts were not gross negligence of willful misconduct. It denied Objectors' request for a surcharge.

The court surcharged Trustee $2,500 for the truck sale to herself for $2,000 when the fair market value was $4,500. It also found Trustee had a direct conflict of interest when she resisted foreclosure of her residence, which secured the Trustee Loan.

The court concluded Trustee should not benefit from her breaches of fiduciary duty and conflict of interest. As a result it denied her request for trustee fees and costs and attorney fees and costs sought in her Second Account, Third Account, and Third Amended Account. It also required her to disgorge all attorney fees and costs and trustee fees and costs paid out during the period covered by those accounts. Finally, any attorney fees and costs paid to defend against the foreclosure of her home that were "mis[]billed" to the Trust had to be disgorged. The Second Account and Third Amended Account were otherwise approved.

**DISCUSSION**

*1. Standard of Review*

As set out above, the Trust provided a trustee is entitled to "reasonable compensation" that can be paid "without court order." Trustee argues the language means she was given "absolute discretion" to decide the amount of her compensation. As a result, she maintains, we must interpret the meaning of "without court order" using a de novo standard of review. Trustee is mistaken.

6

There is no need for us to interpret the Trust. The language is clear, regardless of Trustee's mistaken interpretation. Trustee fails to consider the Trust's requirement she may be paid only "reasonable compensation." That is the issue here. We review a determination of the reasonableness of trustee fees for an abuse of discretion. (*Finkbeiner v. Gavid* (2006) 136 Cal.App.4th 1417, 1422.)

The standard of review of the court's ruling on attorney fees is also abuse of discretion. (*Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 267-268.)

2. *Trustee and Attorney Compensation*

Probate Code section 16243 (all further statutory references are to this code unless otherwise stated) provides a trustee may pay herself "reasonable compensation" and may pay "employees and agents of the trust, and other expenses incurred in the collection, care, administration, and protection of the trust." Further, a trustee may pay "properly incurred" administration expenses. (§ 15684, subd. (a).) "Attorneys hired by a trustee to aid in administering the trust are entitled to reasonable fees paid from trust assets." (*Kasperbauer v. Fairfield* (2009) 171 Cal.App.4th 229, 235.)

3. *Denial and Disgorgement of Trustee Fees and Costs*

Trustee appeals from the denial of trustee's fees and costs for the second and third accounting periods and from the order requiring her to disgorge any trustee fees and costs already paid to her for that period. In making this order, the court relied on its findings Trustee had breached her fiduciary duties and had a conflict of interest, as described above. The court did not believe plaintiff should benefit from those acts.

Generally, a trustee must exercise "reasonable care, skill, and caution under the circumstances then prevailing that a prudent person acting in a like capacity would use." (§ 16040, subd. (a).) However, a trust may vary this standard if it expressly states. (*Id.*, subd. (b).) "A trustee is not liable to a beneficiary for the trustee's good faith reliance on these express provisions." (*Ibid.*) In fact, "the trustee has a duty to

7

administer the trust according to the trust instrument and, except to the extent the trust instrument provides otherwise, according to this division." (§ 16000.)

Here, the Trust provided Trustee would incur liability only for her "willful misconduct or gross negligence." This provision limited the court's power to deny trustee fees except for such misconduct. The court explicitly found Trustee did not commit either willful misconduct or gross negligence.

As a result, then, it was error for the court to deny Trustee her trustee fees and costs or to require her to disgorge trustee fees and costs she had already been paid on the basis of her breach of fiduciary duty or conflict of interest. This is true despite the general rule a court has broad discretion to rule on trustee fees and costs and we do not disturb its ruling absent an abuse of that discretion. (*Estate of Gump* (1991) 1 Cal.App.4th 582, 597.)

However, contrary to her argument, Trustee did not have absolute discretion to determine the amount of those fees. In conformance with section 16243, the Trust allowed Trustee to pay herself "reasonable compensation for services rendered."

Objectors contested the reasonableness of the fees Trustee had already paid herself and the amount sought for the second and third accounting periods. In her brief, Trustee sets out a summary of the actions for which she claims compensation. The reasonableness of her fees is a decision for the trial court, not us, to make.

Because the court denied all trustee fees and costs for the second and third accounting periods and required Trustee to disgorge all fees and costs she had already paid herself, it did not rule on the reasonableness of those fees. We reverse and remand for the court to make that determination and award Trustee reasonable fees and costs.

*4. Disgorgement and Denial of Attorney Fees*

Trustee also attacks the order requiring her to disgorge attorney fees. She claims Objectors never objected to her requests for approval of fees she had already paid.

8

Thus, she maintains, those fees were never put in issue and objections to those fees were waived. We disagree.

In the objections to the Amended Third Account, in addition to challenging the Trust's payment of attorney fees for services rendered to Trustee in her personal capacity, Objectors complained Trustee had incurred attorney fees substantially disproportionate to the Trust's overall value. This was sufficient to put Trustee on notice Objectors challenged any attorney fees she had already paid.

The court denied all attorney fees for the period encompassed by the second and third accounting periods and ordered any fees and costs paid for that period to be disgorged. This was also based on the finding Trustee had breached her fiduciary duty and her conflict of interest.

Trustee contends this was error, arguing the Trust's attorney was entitled to be paid his reasonable fees for assistance in administering the Trust, including such services as preparing the accounting and defending against Objectors' objections. She hired the Trust's lawyer to do just that, she claims, and he helped her prepare the three accounts.[3]

We agree there was no reasonable basis for the court to deny attorney fees entirely or to require fees and costs already paid to be disgorged based on Trustee's breach of fiduciary duty or conflict of interest.

The Trust authorized Trustee to retain and compensate attorneys to assist in the performance of her duties to prosecute or defend claims or actions or to take necessary steps to preserve Trust property, and also to protect Trustee as she performed her duties. Pursuant to the Trust and sections 16243 and 15684, subdivision (a), the Trustee was authorized to pay reasonable attorney fees to a lawyer assisting in the

---

[3] Larson also filed a $98,000 creditor's claim against Trustee and the Trust for repairs and improvements to the Residence and Trustee asserts the attorney defended against that as well.

9

administration of the Trust. Thus, the issue the trial court should have considered is whether the attorney fees and costs requested and those already paid were for actions taken to assist in management of the Trust or to protect the Trust property or the Trustee in the performance of her duties.

Reasonable attorney fees incurred or paid to lawyers to assist in trust administration are proper. (*Kasperbauer v. Fairfield, supra*, 171 Cal.App.4th at p. 235.) This includes preparation of accountings and dealing with objections of beneficiaries. (*Ibid.*) Moreover, attorney fees and costs incurred by Trustee in a successful defense of claims made against the estate are proper. (*Estate of Cassity* (1980) 106 Cal.App.3d 569, 574.) Any fees incurred on behalf of claims made against the Trustee for mismanagement of the Trust or for the Trustee's own benefit, however, may not be paid from the Trust. (*Terry v. Conlan* (2005) 131 Cal.App.4th 1445, 1461; see *Whittlesey v. Aiello* (2002) 104 Cal.App.4th 1221, 1231 [no attorney fees allowed where trustee represented his own interests in defending amendment rather than taking neutral position].)

Therefore, we reverse and remand the case for the court to determine the reasonable amount of attorney fees and costs properly paid and to be paid for acts taken on behalf of the Trust and to award such an amount.

*5. Amount of Attorney Fees to Be Disgorged*

In his brief Successor Trustee raises the question as to the amount of attorney fees the Trustee is to disgorge and whether the order requires just the Trustee or both the Trustee and the Trust's lawyer to disgorge them. Trustee did not raise these issues on appeal. Successor Trustee did not appeal and has no standing to do so since the Trust is not an aggrieved party. (Code Civ. Proc., § 902 ["Any party aggrieved may appeal"].) An aggrieved party is one who has a legal interest "that is adversely affected by the judgment." (*Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1026.)

Our remand to the court to determine the reasonable amount of attorney fees and costs paid and to be paid should cover this issue. To the extent it does not, Successor Trustee may seek clarification from the Probate Court. (§ 17200, subd. (b)(6).)

**DISPOSITION**

The order is reversed and remanded for the court to determine the reasonable amount of attorney fees and costs and trustee fees and costs already paid and sought by Trustee and confirm or make awards of such amounts as applicable. If any fees or costs already paid are to be disgorged, the court shall also specify such amounts in the order. Trustee is awarded costs on appeal.



THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.


11