Filed 9/25/23  Salzwedel v. Friend CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WILLIAM A. SALZWEDEL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>ANGELIQUE FRIEND,<br><br>Defendant and Respondent. | 2d Civil No. B317038<br>(Super. Ct. No. 56-2010-00387487-PR-CP-OXN)<br>(Ventura County) |

William A. Salzwedel was retained as trustee of, and attorney for, the Moore Family Trust.  He was removed as trustee and ordered to file an accounting.  After respondent, the successor trustee and conservator, objected to the accounting, the probate court entered a judgment surcharging appellant $96,077.14 for excessive fees, medical expert fees and costs.  We affirmed that judgment.  (*Estate of Moore* (2015) 240 Cal.App.4th 1101.)  After the settlor died, appellant filed a petition and creditor's claim to recover $172,915.58 in fees and costs he incurred in the transition to the successor trustee and in his defense against the surcharge.  The probate court awarded

appellant $16,415.64 in fees incurred during the transition, as an offset against the surcharge judgment. It denied the remainder of appellant's claim because it found, both factually and legally, those fees and costs were incurred for appellant's own benefit and not for the benefit of the trust. Appellant contends the trial court erred. We affirm.

*Facts and Procedural History*

Appellant was acting as the attorney for and trustee of the Moore Family Trust when Lester Moore, the settlor of the trust, was diagnosed with dementia. The trust's remainder beneficiary, his daughter Poppy Helgren, filed a petition for conservatorship over Lester. The probate court appointed respondent Angelique Friend as temporary conservator. She immediately terminated appellant as attorney for the trust.

Appellant was later also removed as trustee and replaced by respondent. The probate court ordered appellant to render a trust accounting. That accounting disclosed opening inventory and cash receipts of $474,348.01. Appellant had paid himself $148,015.11 in "trustee's fees," plus another $32,288.21 in related professional and litigation fees. He also incurred $28,452.63 in expenses for medical experts who would opine on the questions whether Moore required a conservator and had capacity to retain appellant. The probate court disapproved all these fees and costs because there was no showing that the services benefitted Moore and that he had capacity to contract for them when the services were rendered. Following an evidentiary hearing, the probate court entered a judgment surcharging appellant $96,077.14 for excessive attorney's/trustee's fees, medical expert fees and costs. We affirmed the judgment in *Estate of Moore, supra,* 240 Cal.App.4th 1101.

2

Moore died in 2021. Appellant filed a petition in the probate court to recover fees he incurred in the transition to the successor trustee, in voluntarily preparing a revised accounting, in defending against the surcharge petition and in the appeal from that judgment. As indicated, the probate court awarded appellant $16,415.64 for fees incurred during the transition, as an offset against the surcharge judgment. It found the remaining fees and costs requested were related to appellant's defense against and appeal of the surcharge judgment and to the federal litigation he initiated after that appeal was unsuccessful. "None of these services were of benefit to the Conservatee, Lester G. Moore, nor to his . . . trust." The probate court denied recovery of all such fees with prejudice.

*Discussion*

Appellant contends he is entitled to compensation for fees and costs incurred in preparing for the surcharge hearing because he subjectively believed the expenses were necessary and that belief was objectively reasonable. He is incorrect.

"[T]he costs of a *successful* defense to a removal or surcharge petition are generally chargeable against the trust even though the trustee personally benefits as a result. [Citation.] However, a trustee is not entitled to indemnity for fees incurred in an *unsuccessful* defense of such a petition absent an additional showing that 'the trustee subjectively believed that the expense was necessary or appropriate to carry out the purpose of the trust and that belief was objectively reasonable.' [Citation.]" (*People ex rel. Harris v. Shine* (2017) 16 Cal.App.5th 524, 535.) Any fee award must be "reasonable in amount and reasonably necessary to the conduct of the litigation, but it must also be reasonable and appropriate *for the benefit of the trust*."

3

(*Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 263 (*Donahue*).)

Nothing in the record on appeal demonstrates how fees and costs incurred by appellant in defending against the surcharge benefitted Moore or the trust itself. The judgment against appellant in the surcharge proceeding reflects the probate court's factual and legal finding that appellant's services did not benefit Moore or the trust in the amounts claimed by appellant, a finding we affirmed in the prior appeal. Appellant's defense in that proceeding was intended to protect the fees he had already been paid, not to protect the trust estate or the conservatee. Appellant may not recover fees incurred for his own defense. (*Estate of Cassity* (1980) 106 Cal.App.3d 569, 572 [trust may not be charged for "fees incurred in unsuccessfully contesting a trustee's surcharge"].)

*Estate of Trynin* (1989) 49 Cal.3d 868, relied upon by appellant, does not mandate a different result. There, our Supreme Court held that the Probate Code authorizes courts, in their discretion, to award attorney's fees for time reasonably spent to establish and defend a fee claim in a probate proceeding. (*Id.* at pp. 871.) "This does not mean, however, that an additional award of fees for fee-related services is invariably required. Where the trial court reasonably concludes that the amounts previously awarded the attorney for both ordinary and extraordinary services are adequate, given the value of the estate and the nature of its assets, to fully compensate the attorney for all services, including fee-related services, denial of a request for fee-related fees would not be an abuse of discretion." (*Id.* at p. 880.)

4

Here, the probate court exercised its discretion to deny appellant recovery of fees and costs incurred in the surcharge hearing because it found those fees did not benefit the estate and the compensation appellant had already received was adequate. This is an adverse factual finding and was not an abuse of discretion. As we held in the prior appeal, the surcharge hearing established that appellant overcharged the trust and that his services were not beneficial to it. (*Estate of Moore, supra*, 240 Cal.App.4th at pp. 1107-1109.) Appellant may not relitigate this issue. The doctrine of the "'law of the case'" precludes this attempt. (*People v. Stanley* (1995) 10 Cal.4th 764, 786-787.) Nevertheless, appellant contends the probate court erred because it did not hold an evidentiary hearing before denying most of his claim. We disagree. The probate court had discretion to determine whether or not an evidentiary hearing was unnecessary. (See, e.g., *Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 378.) There were no factual disputes. Respondent did not challenge the accuracy of appellant's billing records; the dispute was whether to award fees for services performed outside the transition period. The probate court awarded appellant all of the fees he claimed for services performed during the transition. It denied the remainder of the fee claim because it concluded that work did not benefit the trust.

Relying on *Hollaway v. Edwards* (1998) 68 Cal.App.4th 94 (*Hollaway*), appellant contends his defense against the surcharge benefitted the trust because it helped to resolve disputed issues of importance to the trust. This argument is non-sensical. The question in the surcharge hearing was whether appellant had overcharged the trust. The answer to that question was, yes. In *Hollaway,* a trustee successfully

5

defended herself against a petition for her removal.  The probate court awarded her attorney's fees incurred in her defense.  It reasoned that, while the fees "may have benefited [the trustee] personally by eliminating the possibility of individual liability, they also benefited the trust by eliminating charges raising serious questions about whether she had and could continue to administer the trust properly." (*Id.* at pp. 99.)  Appellant is in the opposite position.  The surcharge proceeding here confirmed that appellant had overcharged the trust, not that his services were beneficial to it.

Appellant also contends he should recover the fees he incurred to revise his initial accounting, so that it conformed to the "Probate Code format."  But appellant was awarded fees reasonably incurred to prepare the accounting.  He was never asked to revise it, nor has he shown that the revision benefitted the trust.  Fees may not be awarded for unnecessary work.  (See, e.g., *Donahue, supra,* 182 Cal.App.4th at p. 263 [fees awarded in probate proceeding must be "reasonably necessary to the conduct of the litigation . . . "].) The trial court acted within its discretion when it denied recovery of these fees.

Finally, appellant contends he should be reimbursed for fees paid to Dr. Hyman, who evaluated Lester Moore's competency.  Recovery of these fees was denied in the prior proceeding and that judgment is final.  It is not subject to relitigation.  For the same reason, we decline to address appellant's contentions regarding the accuracy of our prior opinion in this matter or the probate court's reliance on it.

*Conclusion*

The order granting in part and denying in part appellant's Petition and Creditor's Claim for Additional Fees and Reimbursement of Costs is affirmed. Costs to respondent.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

7

Roger L. Lund, Judge

Superior Court County of Ventura

_____

William A. Salzwedel, in propria persona, for Plaintiff and Appellant.

Thomas E. Olson, for Defendant and Respondent.